14-16840

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**JEFF SILVESTER, BRANDON COMBS, THE CALGUNS FOUNDATION, INC., a non-profit organization, and THE SECOND AMENDMENT FOUNDATION, INC., a non-profit organization,**

                    Plaintiffs-Appellees,

     **v.**

**KAMALA HARRIS, Attorney General of California (in her official and individual capacities),**

                    Defendant-Appellant.

On Appeal from the United States District Court
for the Eastern District of California

No. 1:11-cv-02137-AWI-SKO
The Honorable Anthony W. Ishii, Judge

## MOTION TO TAKE JUDICIAL NOTICE OF CERTAIN DOCUMENTS; SUPPORTING DECLARATION OF JONATHAN M. EISENBERG

| | |
|---|---|
| KAMALA D. HARRIS<br>Attorney General of California<br>DOUGLAS J. WOODS<br>Senior Assistant Attorney General<br>MARK R. BECKINGTON<br>Supervising Deputy Attorney General<br>PETER H. CHANG<br>Deputy Attorney General | JONATHAN M. EISENBERG<br>Deputy Attorney General<br>State Bar No. 184162<br> 1300 I Street, Suite 125<br> P.O. Box 944255<br> Sacramento, CA 94244-2550<br> Telephone: (213) 897-6505<br> Fax: (213) 897-5775<br> Jonathan.Eisenberg@doj.ca.gov<br>*Attorneys for Defendant-Appellant*<br>*Kamala D. Harris, Attorney General of*<br>*the State of California* |

Appellant Kamala D. Harris, Attorney General of the State of California ("Appellant"), moves the Court to take judicial notice of the following documents:

1. <u>Excerpts of legislative history of California's Waiting-Period Laws</u>:
Exhibit A: certain pages of 1974-1975 legislative history of California's Waiting Period Laws (pp. AG000360-61, 376) (Proposed Trial Exhibit CH)

2. <u>Excerpts from history books</u>:
Exhibit B: excerpts from Jack Larkin, *The Reshaping of Everyday Life 1790-1840* (Harper Perennial 1988) (pp. xi, 6-7, 19, 213-14, and 263) (Proposed Trial Exhibit EC)
Exhibit C: excerpts from Adam Winkler, *Gunfight: The Battle over the Right to Bear Arms in America* (W.W. Norton & Co. 2011) (pp. IX, 12, 13, 113-14, and 16) (Proposed Trial Exhibit EK)
Exhibit D: excerpts from Robert J. Spitzer, *Gun Control: A Documentary and Reference Guide* (Greenwood Press 2009) (pp. 54-55) (Proposed Trial Exhibit EG)

3. <u>Excerpts from public government reports</u>:
Exhibit E: excerpts from U.S. Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, *Survey of State Procedures Related to Firearm Sales, 1996* (Sept. 1997) (pp. v, 63-65)
Exhibit F: U.S. Department of Treasury, Bureau of Alcohol, Tobacco, Firearms and Explosives, *State Laws and Published Ordinances – Firearms, 31st Edition* (2011) (pp. 109-10, 136-140, 299, 304-05, 377-78)

## DISCUSSION

### I. BACKGROUND

Just prior to the trial of this matter in the District Court, Appellant requested that the District Court take judicial notice of the legislative history of California's "Waiting-Period Laws" (Cal. Penal Code §§ 26815 and 27540), excerpts from history books, and other documents, which documents related to various relevant

1

issues in the case, in Appellant's view. (Trial Ct. Dkt. 78.) Before the District Court ruled on that request for judicial notice, the presentation of live evidence at trial occurred. Before the District Court issued findings of fact and conclusions of law from the trial, the District Court ordered each opposing side in this case to submit its own proposed findings of fact and conclusions of law, and to include *excerpts from* the evidence, including evidence sought to be judicially noticed. *See Silvester v. Harris*, 41 F. Supp. 3d 927, 935-36 (E.D. Cal. 2014). The District Court's findings of fact and conclusions of law were thus informed by each side's proposals, and, most relevant for present purposes, contained the rulings on Appellant's request for judicial notice. *Id.* at 935-39.

As articulated in Appellant's opening brief on appeal filed simultaneously herewith, Appellant contends that the District Court abused its discretion in declining to take judicial notice of certain items. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (describing abuse of discretion standard of review). By the present motion, Appellant requests that this Court take judicial notice of the items that the District Court rejected, as well as some other documents the significance of which became clear to Appellant only after the District Court issued its findings of fact and conclusions of law.

//

//

2

## II. LEGAL AUTHORITY FOR TAKING JUDICIAL NOTICE OF THE MATERIALS PRESENTED HERE

### A. Judicial Notice as to Legislative Facts

Legislative facts go to the content and justification for a statute, and are usually "not proved through trial evidence but rather by material set forth in the briefs, the ordinary limits on judicial notice having no application to legislative facts." *Dagett v. Comm. on Gov't Ethics and Election Prac.,* 205 F.3d 445, 455-456 (1st Cir. 2001) (internal quotation and citation omitted); *see also Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013) (holding that court may rely on legislative facts, whether or not those facts have been developed on the record, if those facts are relevant to the "legal reasoning" and interpretation of the "lawmaking process").

Where legislative facts are concerned, a court has broad discretion in granting judicial notice. Notably, there is *no* federal rule of evidence that *constrains* the judicial notice of legislative facts. *See* Advisory Comm. Notes to Fed. R. Evid. 201(a) (holding that Fed. R. Evid. 201 "is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of 'adjudicative' facts. No rule deals with judicial notice of 'legislative' facts."). Because "[l]egislative facts . . . are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body," a "high degree of indisputability" is simply

3

*not* required before a court may take judicial notice of such facts. *Ibid*. Thus, judicial notice of legislative facts is not limited by "any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level[.]" *Ibid.*, citing *Borden's Farm Prods. Co. v. Baldwin*, 293 U.S. 194 (1934).

### B. Judicial Notice under Federal Rule of Evidence 201

Because "[t]he court may take judicial notice at any stage of the proceeding," judicial notice may be taken for the first time on appeal. Fed. R. Evid. 201(d). The court may also "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* at 201(b)(2). Published government reports are a matter of public record and are proper subjects of judicial notice. *See, e.g.*, *Rusak v. Holder*, 734 F.3d 894, 898 (9th Cir. 2013) (judicial notice taken of governmental reports regarding religious intolerance in certain countries, to establish plaintiff's claim of past persecution); *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice taken of a Department of Energy report, reasoning that "[j]udicial notice is appropriate for records and reports of administrative bodies") (internal quotation omitted)

4

### III. THE MATERIAL REQUESTED TO BE JUDICIAL NOTICED IS PROPERLY SUBJECT TO JUDICIAL NOTICE AND IS RELEVANT TO THIS APPEAL

#### A. Exhibit A

Exhibit A herein comprises excerpts of the legislative history of California's Waiting-Period Laws for 1974-75 legislative sessions. These excerpts are generally relevant because they show the history and evolution of these statutes and California Legislature's reasons and justifications for passing the laws. "Courts frequently take judicial notice of legislative history, including committee reports." *Korematsu v. United States*, 584 F.Supp. 1406, 1414 (N.D. Cal. 1984) (citing *Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 227 (1959) (taking judicial notice of an act's legislative history).

Here, the District Court took judicial notice of certain other excerpts of the 1974-75 legislative histories that Appellant submitted. *See Silvester v. Harris*, 41 F.Supp.3d 927, 936 (E.D. Cal. 2014). The District Court did not consider whether to take judicial notice of the excerpts contained in Exhibit A, as Appellants had not previously cited to those specific pages, which discuss the "cooling off" rationale for the statutes. Appellants now request this Court to take judicial notice of these additional excerpts in response to the District Court's comment to the effect that there was scare legislative history mention of the cooling-off justification. Exhibit A at AG000360, 376.

5

**B.     Exhibits B-D**

Exhibits B-D are history books, which are proper subjects for judicial notice for the legislative facts contained therein.  *See, e.g., Leo Sheep Co. v. United States*, 440 U.S. 668, 669-670 (1979) (referencing a number of history books that discussed the commercial and social aspects of living on the western frontier during the 19th century; "courts, in construing a statute, may with propriety recur to the history of the times when [a challenged statute] was passed; and this is frequently necessary, in order to ascertain the reason as well as the meaning of particular provisions in it").

In Second Amendment cases, the Court is expected to consult history materials about how the Second Amendment was understood in the "Founding Era" of the United States.  *See Peruta v County of San Diego*, 742 F.3d 1144, 1151, 1153-1155 (9th Cir. 2014).  The history book excerpts, at Exhibits B and C, offered by Appellant are relevant to Appellees' Second Amendment challenge for giving the history necessary to judge if the Waiting-Period Laws would have been seen as constitutional by the people who voted on the Second Amendment.  These items show analogous laws, e.g., the firearm "impressment" laws, from the Founding Era and also prevailing attitudes back then toward the speedy acquisition of firearms.

Appellant had requested the District Court to take judicial notice of these items, but the District Court declined to consider them, finding them to be

6

irrelevant. *Silvester*, 41 F.Supp.3d at 937-38. As explained in Appellant's opening brief on appeal, the District Court erred in implicitly holding that the only relevant history evidence is evidence of actual waiting-period laws from the Founding Era or the attitudes of people back then to waiting-period laws specifically. The District Court abused its discretion in this respect, and this Court should take judicial notice of these materials.

Exhibit D is relevant to this appeal as it contains the exact wording of one of the Founding Era firearm "impressment" laws, from Pennsylvania. *See* Exhibit D, at 56-58. Appellant had requested the District Court to take judicial notice of Exhibit D prior to trial, but did not submit an excerpt of Exhibit D to the District Court as part of its proposed findings, and thus the District Court did not consider this exhibit in reaching its decision. *See Silvester*, 41 F.Supp.3d at 935-936. The Court may wish to consider not only the existence of the Pennsylvania firearm impressment law but also its text in determining the scope of the Second Amendment, as understood by the voters near the time of the ratification of the Constitution.

### C. Exhibits E and F

Exhibits E and F are freely available reports published by federal government agencies. These exhibits are submitted because they prove the existence and prevalence of other waiting-period laws, besides California's statutes. The existence of these laws may be judicially noticed as legislative facts or as

adjudicative facts under Federal Rule of Evidence 201. *See Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 954 n.3 (9th Cir. 2011) (taking judicial notice of municipal ordinances). It does not matter that the texts of or references to the laws are reprinted in the submitted official government reports, because such reports are "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Additionally, the Court may take judicial notice of these exhibits as legislative facts.

These items were not submitted to the District Court, because the significance of these items first became apparent to Appellants after two events occurred post-trial: first, the District Court issued its findings of fact and conclusions of law, wherein the District Court commented that waiting-period laws "are not common now" (*Silvester*, 41 F. Supp. 3d at 963), and, more importantly, the Ninth Circuit issued the very recent decision in *Fyock v. City of Sunnyvale*, ___ F.3d ___, 2015 WL 897747 at *7 (Mar. 4, 2015), which held that "early twentieth century regulations might nevertheless demonstrate a history of longstanding regulation [and thus be presumptively lawful] if their historical prevalence and significance is properly developed in the record."

Exhibit E is a survey of state procedures related to firearm sales in 1996 prepared by the U.S. Department of Justice. Exhibit E identifies 18 states as having their own waiting periods for firearm purchases. *Id.* at 64. The exhibit also clarifies that *every* state had to abide by the federal five-day waiting period for five

8

years in the 1990s, unless the state had an exemption for having an independent system of at least equivalent efficacy. *Id.* at *v*. The prevalence of waiting-period laws is supported by this exhibit.

Exhibit F is a report prepared by the Bureau of Alcohol, Tobacco, and Firearms, and Explosives in 2011. Exhibit F identifies various localities across the nation that have firearm acquisition waiting periods. (*Id.* at 109-10, 136-40, 299, 304-05, 377-79.) Together with other evidence cited in the opening brief on appeal regarding the 1923 vintage of California's Waiting-Period Laws, Exhibit F like Exhibit E shows that waiting-period laws were longstanding and historically prevalent, and should be considered presumptively lawful.

//
//
//
//
//
//
//
//
//
//

# CONCLUSION

For the foregoing reasons, Appellants request that the Court grant this motion to take judicial notice of certain documents.

Dated: March 25, 2015        Respectfully submitted,

       KAMALA D. HARRIS
       Attorney General of California
       DOUGLAS J. WOODS
       Senior Assistant Attorney General
       MARK R. BECKINGTON
       Supervising Deputy Attorney General
       PETER H. CHANG
       Deputy Attorney General


       /s/ Jonathan M. Eisenberg
       JONATHAN M. EISENBERG
       Deputy Attorney General
       *Attorneys for Defendant-Appellant Kamala D. Harris, Attorney General of the State of California*

## SUPPORTING DECLARATION OF JONATHAN M. EISENBERG

I, Jonathan M. Eisenberg, declare under penalty of perjury:

1. I have personal knowledge of the following facts and, if called as a witness at a relevant proceeding, could and would testify to the facts.

2. I am an attorney admitted to practice law in California and before the present Court. I am one of the attorneys of record for Appellant Kamala D. Harris, Attorney General of the State of California, in the above-captioned case.

3. Attached hereto as Exhibit A is a true and correct copy of certain pages from the 1974-75 legislative history of California's Waiting-Period Laws, now codified at California Penal Code sections 26815 and 27540. I caused these pages to be gathered up and copied in the course of my legal research for this case. The pages were lodged before the District Court in this case.

4. Attached hereto as Exhibit B is a true and correct copy of certain pages from Jack Larkin, *The Reshaping of Everyday Life 1790-1840* (Harper Perennial 1988). I caused these pages to be gathered up and copied in the course of my legal research for this case. The pages were lodged before the District Court in this case.

5. Attached hereto as Exhibit C is a true and correct copy of certain pages from Adam Winkler, *Gunfight: The Battle over the Right to Bear Arms in America* (W.W. Norton & Co. 2011). I caused these pages to be gathered up and copied in the course of my legal research for this case. The pages were lodged before the District Court in this case.

6. Attached hereto as Exhibit D is a true and correct copy of certain pages from Robert J. Spitzer, *Gun Control: A Documentary and Reference Guide* (Greenwood Press 2009). I caused these pages to be gathered up and copied in the course of my legal research for this case. The pages were lodged before the District Court in this case.

7. Attached hereto as Exhibit E is a true and correct copy of certain pages from U.S. Department of Justice, Office of Justice Programs, Bureau of Justice

Statistics, *Survey of State Procedures Related to Firearm Sales, 1996* (Sept. 1997). I downloaded this document from the Internet location http://bjs.gov/content/pub/pdf/ssprfs96.pdf on March 25, 2015.

    8.   Attached as Exhibit F is a true and correct copy of certain pages from U.S. Department of Treasury, Bureau of Alcohol, Tobacco, Firearms and Explosives, *State Laws and Published Ordinances – Firearms, 31st Edition* (2011). I downloaded this document from the Internet location https://www.atf.gov/files/publications/download/p/atf-p-5300-5-31st-editiion/2010-2011-atf-book-final.pdf on March 25, 2015.

   I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 25, 2015, at Los Angeles, California.

                                            /s/ Jonathan M. Eisenberg_____
                                            Jonathan M. Eisenberg