# EXHIBIT F



# SPECIAL MESSAGE from ATF
### Bureau of Alcohol, Tobacco, Firearms and Explosives
### WASHINGTON, DC 20226

I am pleased to provide you with the 31st Edition of State Laws and Published Ordinances- Firearms (ATF P 5300.5). This publication is designed to help you comply with Federal and State firearms laws. Specifically, it will assist you in complying with the Gun Control Act of 1968 (GCA). The GCA prohibits licensees from selling or delivering a firearm to a nonlicensee whose receipt or possession of the firearm would violate State or local laws applicable at the place of sale or delivery. In addition, this book will assist you in making lawful over-the-counter sales of rifles and shotguns to out-of-State residents-transactions that must meet the legal requirements of both your State of residence and the purchaser's State of residence.

State Laws and Published Ordinances – Firearms also include a "Ready Reference Table" to provide you with additional assistance for your business operations. When deciding whether to make a sale, you should first consult the full text of the State requirements, and if appropriate, contact State and local authorities before making a decision.

As a Federal Firearms Licensee, you play a critical role in ensuring that only eligible persons are able to acquire firearms from you. Your acquisition and disposition records, Firearms Transaction Records (ATF Forms 4473), and Reports of Multiple Sales or Other Dispositions of Pistols and Revolvers (ATF Form 3310.4), have proven invaluable to law enforcement agencies at all levels of government in tracing firearms involved in crime.

If you have any questions concerning major issues affecting the daily conduct of your business, you may call these numbers with regard to the following:

NICS checks: Contact the FBI NICS Operations Center at 1-877-444-6427.

Your Federal firearms license or renewal application: Contact our Federal Firearms Licensing Center at 1-866-662-2750.

Federal firearms laws or regulations: You can find the ATF Industry Operations field office earest you at www.atf.gov/field/.

A complete alphabetical listing is located on pages vi-viii of this publication.
Stolen or lost firearms, including National Firearms Act weapons: Contact 1-888-930-9275 (Monday – Friday 8:00am – 4:30pm).
If you have knowledge of any unlawful activities concerning firearms, contact 1-800-ATF-GUNS.

Interpretation of a State or local law or ordinance: Contact your State police, local law enforcement authority, or your State Attorney General's office (see pages ix-x).

Reports of Multiple Sales or Other Dispositions of Pistols and Revolvers (ATF Form 3310.4) should be mailed to the address indicated on the form or faxed (1-877-283-0288) to the ATF National Tracing Center and to the designated Chief Law Enforcement Officer where your business is located. (You must retain the third copy as part of your permanent records.)

If you are going out of business with no successor, you are required to ship your firearms records to the ATF Out-of-Business Records Center, 244 Needy Road, Martinsburg, WV 25405.

Materials and ideas for future editions of this publication are welcome and may be sent to the ATF Firearms and Explosives Industry Division, Attention: Chief, Firearms and Explosiv"IIIIndustry Division, Room 6N/672, 99 New York Avenue, N.E., Washington, DC 20226.

B. Todd Jones,
Acting Director

Disclaimer

The State laws and ordinances in this publication are effective through January 2011.

# TABLE OF CONTENTS

## Introduction & General Information

| Item | Page | Item | Page |
|---|---|---|---|
| ATF Director's Message | i | Attorneys General | ix-x |
| Table of Contents | iii | Ready Reference Table | xi-xii |
| Currency of Laws Table | iv | Brady Law Information | xiii |
| ATF Offices & Information | v-viii | Permanent Brady Permit Chart | xiv-xv |
| ATF Field Divisions | v | Relevancy Criteria | xvi |
| Forms/Publications/Licensing | v | Unlawful Acts | xvi |
| ATF IO Field Offices | vi-viii | Federal Age Restrictions | xvi |

## State and Local Laws and Ordinances*

| Jurisdiction | Page | Jurisdiction | Page |
|---|---|---|---|
| Alabama | 1 | Montana | 286 |
| Alaska | 4 | Nebraska | 288 |
| American Samoa | 8 | Nevada | 296 |
| Arizona | 10 | New Hampshire | 306 |
| Arkansas | 15 | New Jersey | 309 |
| California | 19 | New Mexico | 324 |
| Colorado | 88 | New York | 326 |
| Connecticut | 95 | North Carolina | 355 |
| Delaware | 110 | North Dakota | 363 |
| District of Columbia | 117 | Northern Mariana Islands | 365 |
| Florida | 129 | Ohio | 369 |
| Georgia | 141 | Oklahoma | 393 |
| Guam | 148 | Oregon | 397 |
| Hawaii | 151 | Pennsylvania | 403 |
| Idaho | 157 | Puerto Rico (English & Spanish) | 412 |
| Illinois | 161 | Rhode Island | 431 |
| Indiana | 187 | South Carolina | 439 |
| Iowa | 197 | South Dakota | 446 |
| Kansas | 199 | Tennessee | 448 |
| Kentucky | 203 | Texas | 455 |
| Louisiana | 207 | Utah | 458 |
| Maine | 212 | Vermont | 461 |
| Maryland | 217 | Virginia | 463 |
| Massachusetts | 233 | Virgin Islands | 471 |
| Michigan | 252 | Washington | 477 |
| Minnesota | 268 | West Virginia | 485 |
| Mississippi | 280 | Wisconsin | 489 |
| Missouri | 283 | Wyoming | 497 |

\* The editors of this publication endeavored, where local firearm regulation has not been preempted by State law, to include ordinances for those major local jurisdictions that make their laws readily accessible to the public. States and many local jurisdictions now make their laws available on the Web; See, e.g., http://www.municode.com (municipal codes). However, space and time constraints precluded including every local jurisdiction in this publication. Therefore, users of this publication are encouraged to consult with State and local authorities to ascertain the most current firearms laws and regulations applicable to their particular situation.

STATE LAWS AND PUBLISHED ORDINANCES - FIREARMS (31ST EDITION – 2010 - 2011)

| Jurisdiction | The jurisdiction's laws in this publication are current through: |
|---|---|
| Alabama | End of 2010 First Special Session |
| Alaska | 2010 Regular Session |
| American Samoa | 2010 |
| Arizona | Second Regular Session and Ninth Special Session of the Forty-Ninth Legislature (2010) |
| Arkansas | End of 2010 Fiscal Session |
| California | 2009 Regular and Extraordinary Session |
| Colorado | Second Regular Session of the 67th General Assembly (2010) |
| Connecticut | 2010 Supplement to the Connecticut General Statutes |
| Delaware | 2010 Regular Session and the Second Special Session of the 145th General Assembly, 77 Del. Laws, Ch. 476 |
| District of Columbia | May 18, 2010 |
| Florida | Chapter 271 (End) of the Special 'B' Sessions of the 21st Legislature |
| Georgia | 2010 Regular Session |
| Guam | P.L. of the 31st Legislature (2010) |
| Hawaii | 2010 Regular and Special Sessions |
| Idaho | 2010 Second Regular Session on or of the 60th Legislature |
| Illinois | 2009 Regular Session of the 95th General Assembly (P.A. 96-880) and through P.A. 96-884 of the 2010 Regular Session of the 96th General Assembly |
| Indiana | 2010 Second Regular Session |
| Iowa | Immediately effective legislation signed as of Feb. 22, 2010 |
| Kansas | 2010 Regular Session |
| Kentucky | 2010 Regular Session |
| Louisiana | 2010 |
| Maine | 2009 Second Regular Session of the 124th Legislature |
| Maryland | 2010 Regular Session |
| Massachusetts | Chapter 19 of the 2010 2nd Annual Session of the General Court |
| Michigan | 2010 Regular Session, 95th Legislature |
| Minnesota | 2010 Legislative Session |
| Mississippi | 2010 Regular and 1st and 2nd Extraordinary Sessions |
| Missouri | First Regular Session of the 95th General Assembly (2009) |
| Montana | All 2009 Legislation |
| Nebraska | 101st Legislature Second Regular Session 2010 |
| Nevada | 76th (2010) Special Session |
| New Hampshire | Chapter 381 (End) of the 2010 Regular Session and Chapter 1 of the 2010 Special Session |
| New Jersey | 214th Legislature, First Annual Session |
| New Mexico | Second Session and Second Special Session of the 49th Legislature (2010) |
| New York | 2009 Legislative Session |
| North Carolina | 2010 Regular Session |
| North Dakota | 2009 Regular Session |
| No. Mariana Is. | Pub. L. 17 26 Dec. 16, 2010 |
| Ohio | 2009 File 17 of the 128th General Assembly (2009-2010), approved and filed with the Secretary of State by Feb. 25, 2010 |
| Oklahoma | Chapter 479 (End) of the Second Regular Session of the 52nd Oklahoma Legislature |
| Oregon | 2009 Regular Session of the 75th Legislative Assembly |
| Pennsylvania | End of the 2009 Regular Session |
| Puerto Rico | December 2009 |
| Rhode Island | All 2010 Legislation |
| South Carolina | 2010 Regular Session of the General Assembly |
| South Dakota | 2010 Legislation passed at the 85th Regular Session including Supreme Court Rule 10-07 |
| Tennessee | End of 2010 First Ex. Sess. and 2010 Regular Session |
| Texas | 2009 Regular Session and First Called Session |
| Utah | 2010 General Session |
| Vermont | 2009 Regular Session and the 2009 Special Session |
| Virginia | End of the 2010 Regular Session |
| Virgin Islands | August 20, 2010, No. 7182 § 3, Sess. L. 2010 |
| Washington | All legislation through the 2010 Regular and First Special Sessions |
| West Virginia | 2010 Second Extraordinary Session |
| Wisconsin | 2009 Wisconsin Act 27 |
| Wyoming | All 2010 Legislation |

**B.** The term "at retail" as used in this section shall mean any sale of less than one dozen such articles, or any sale to anyone not a bona fide dealer therein.

**C.** The chief of police is authorized, empowered and directed to seize, remove and destroy any air gun or any implement not a firearm which impels with force a pellet of any kind which shall be used or discharged within the city or which shall be held, stored or possessed in violation of this section.

**9.16.060 Resale of city-owned firearms-Prohibited.**

**A.** All firearms which become the property of the city, either through purchase, seizure, donation or any other means will not be re-sold.

**B.** All firearms will be destroyed, at such time as they are no longer necessary as evidence in a criminal proceeding or for such other use the chief of police determines reasonable and appropriate, so that they cannot be re-sold or re-used by a secondary user or purchaser. (

[Current through September 17, 2007]

---

### The Municipal Code of Hartford

### Chapter 21. Licenses and Permits Generally

### Article II. Pistol Permits

### Division 1. Generally

**21-31. Definitions.** The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

**Ammunition** means any projectile or other device which will or is designed to or may readily be converted to be expelled from any pistol or revolver.

**Antique pistol or revolver** means any pistol or revolver which was manufactured in or before 1898 and any replica of such pistol or revolver provided such replica is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition except rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and not readily available in the ordinary channel of commercial trade.

**Chief of police** means the chief of police of the city police department.

**Permit** includes the word "license."

**Person** means any individual, corporation, company, association, firm, partnership, society, joint stock company, or organization of any kind.

**Pistol and revolver** mean any firearm having a barrel less than twelve (12) inches in length.

**Transfer** includes to sell, assign, lease, loan, give away, or otherwise cause the lawful title or rightful possession of a firearm to vest in another.

### Division 2. Sale or Transfer of Pistols and Revolvers

**21-51. Permit - Required.** It shall be unlawful for any person to advertise, sell, deliver, or offer or expose for sale or delivery, or have in his possession with intent to sell or deliver, or loan, exchange, give away or otherwise transfer the lawful ownership or possession of any pistol or revolver at retail without having a permit therefor issued as provided in this division.

**21-52. Same - Application.** An application for a permit to sell or transfer pistols and revolvers shall be made in writing to the chief of police on such suitable forms provided or approved by him, setting forth the name and social security number of the applicant, the applicant's residence or registered address, and the address where business is to be conducted. The applicant must be a bona fide resident of, or have a place of business in the city in order to be eligible for a permit. The application for a permit shall also state that the applicant (including in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership or association) is eighteen (18) years of age or older, that he is not under indictment for nor has been convicted in any court of a felony, is not a fugitive from justice, is not addicted to the use of narcotics, has not been a patient in a mental institution within the past five (5) years, and is not mentally retarded.

**21-53. Same - Issuance.**

(a) The chief of police shall issue a permit to sell or transfer pistols and revolvers to applicants who have satisfactorily complied with the requirements of this division. It shall be the duty of the chief of police to refuse the permit to any applicant who fails, refuses or is unable to comply with all of the requirements specified in this division.

(b) The chief of police shall notify the applicant not later than eight (8) weeks after a sufficient application has been submitted that the request for a permit has been approved or denied.

**21-54. Same - Expiration.** A permit for the sale or transfer of pistols and revolvers shall expire five (5) years after the date it becomes effective; and renewal thereof shall expire five (5) years after the expiration date of the permit being renewed.

**21-55. Same - Fee.** The fee for each permit issued under the provisions of this division shall be fifteen dollars ($15.00).

**21-56. Same - Revocation.** The chief of police shall have the authority to revoke a permit issued under this division upon determining that the permit holder has violated any provision of this division or is no longer able to fully comply with all of the requirements specified in this division, and the money paid for such permit shall be forfeited to the city.

**21-57. Same - Display at place of sale.** No sale of any pistol or revolver shall be made except in the room, store or place described in the permit for the sale of pistols and revolvers, and such permit or a copy thereof certified by the authority issuing the same shall be exposed to view within the room, store or place where pistols or revolvers are sold or offered or exposed for sale.

**21-58. Required records.**

(a) **Content of records.** Any seller of pistols and revolvers other than a manufacturer selling to a bona fide wholesaler or a retailer or a wholesaler selling to a bona fide retailer shall keep a record of all such pistols and revolvers sold, leased, loaned, given away or otherwise transferred. Such record shall contain the following information:

(1) The name, social security number, age, address, and permit number of the transferor;

(2) The name, social security number, age, address, and permit number of the transferee;

(3) The date of the sale;

(4) The name of the manufacturer, the caliber, make, model and serial number of the pistol or revolver.

(b) **Inspection.** Records of transfers shall be open for inspection by any duly authorized law enforcement official or by the chief of police or city clerk of the city at all reasonable times.

(c) **Evidence of identification of transferee.** The person to whom the pistol or revolver is to be delivered must provide evidence of his identification. Such evidence must include a picture identification, as well as information as to the bearer's age and address. The record of transfer shall be signed by the transferor and the transferee, each in the presence of the other.

**21-59. Application to purchase.**

(a) **Required; delivery; waiting period.** No person shall transfer a pistol or revolver at retail or otherwise transfer except upon written application on a form prescribed and furnished by the commissioner of public safety in triplicate. A copy of the application is to be mailed by first class mail on the day of receipt to the chief of police and one (1) to the commissioner of public safety. No sale or delivery of any pistol or revolver shall be made until the expiration of two (2) weeks from the date of the mailing of such copies.

(b) **Exceptions.** The waiting period specified in subsection (a) of this section during which delivery may be made shall not apply to the holder of a valid state permit to carry pistols and revolvers, nor to any federal marshal, sheriff, parole officer or peace officer. The provisions of this section shall not apply to antique pistols or revolvers.

(c) **Prohibited acts.** No person shall sell at retail, deliver or otherwise transfer any pistol or revolver to any alien. No person shall make any false statement or give any false information connected with any purchase or other transfer of any pistol or revolver. No person shall sell or otherwise transfer any pistol or revolver to any other person under the age of eighteen (18) years of age.

**21-60. Report of sale or transfer.** Any transferor of pistols and revolvers shall, upon selling or otherwise transferring a pistol or revolver, make a report of the sale or gift, which report shall contain the date of sale or transfer, name, age, address, occupation, physical description of purchaser or donee, the purpose for which purchased, the kind, description, including serial number of the pistol or revolver, and the consideration paid therefor, the city and state permit number, if any, and/or the driver's license number, if any. Such report of sale shall be open for inspection by any duly authorized law enforcement official or by the chief of police or the city clerk at all reasonable times. In addition, the information contained in this section shall be provided by the seller to the chief of police no later than the last business day of each calendar month representing all sales, lease, loans, gifts, or other transfers of any pistol or revolver by the seller.

**21-61. Statement of intent.** The city's experience is that many firearms used in violent crimes are weapons which have been stolen. Existing state law provides for a statewide firearms tracking task force within the division of state police. Requiring owners of firearms to promptly report to the police the loss or theft of firearms will enable the Hartford Police Department to timely investigate and hopefully solve the incidents of initial theft and may well result in taking firearms off the street before they can be used to perpetrate a violent crime. In

addition, this legislation provides the city with a vehicle to recover costs expended in connection with police services from owners who fail to report stolen firearms. The section is within the city's police powers authority and its power to protect the public interest.

**21-62. Owner to report loss or theft of firearm.** In the city, any person who is the lawful owner of a firearm and any permitted firearm's owner shall report the loss or theft thereof from premises in the city or from their person to the Hartford Police Department within seventy-two (72) hours of becoming aware of said theft or loss.

**Sec. 21-63. Failure to report loss or theft of firearm.** In the event that a lost or stolen firearm is determined to have been used to aid or abet the commission of a felony in the city and it shall become known to the Hartford Police that the owner of said firearm failed to report its loss or theft within seventy-two (72) hours of becoming aware of such loss or theft to the organized local police department in the municipality, or the Connecticut State Police, then the Corporation Counsel for the City of Hartford, on a showing of good cause, and consistent with state law, may sue the said owner to recover the costs to the city of police services and other expenses associated with the investigation and prosecution of said felony.

**Division 3. Permit to Carry Pistol or Revolver**

**21-71. Required.** It shall be unlawful for any person to have in his possession in the city any pistol or revolver, except when such person is within his dwelling house or place of business, unless a permit to carry a pistol or revolver has been issued in accordance with the provisions of this division.

**21-72. Application.**

**(a) Documents required generally.** Every person applying for a permit to carry a pistol or revolver in the city shall provide the following documents to the Hartford police department, records division, between 8:00 a.m. and 6:00 p.m., Monday through Friday, or 8:00 a.m. to 12:00 noon on Saturday: ...

**21-73. Issuance, fee.** Upon satisfactorily completing all aspects of the application requirements for a permit to carry a pistol or revolver, the applicant will be scheduled to meet with the commander of the records unit of the police department. At that time, a fee of fifteen dollars ($15.00) in cash, check or money order made payable to the city shall be paid and a permit issued. If, at any point in the process an application is denied, the payment to the Federal Bureau of Investigation shall be nonrefundable, however, no other charges for processing the application shall be made.

**21-74. Exceptions to division.** The provisions of this division shall not apply to the carrying of any pistol or revolver by any sheriff, parole officer or peace officer of any other state while engaged in the pursuit of his official duties, or federal marshal or federal law enforcement agent, or to any member of the armed forces of the United States, or of this state, when on duty or going to or from duty, or to any member of any military organization when on parade or when going to or from any place of assembly, or to the transportation of pistols or revolvers as merchandise, or to any person carrying any pistol or revolver while contained in the package in which it was originally wrapped at the time of sale and while carrying the same from the place of sale to the purchaser's residence or place of business, or to any person removing his household goods or effects from one (1) place to another, or to any person while carrying any such pistol or revolver from his place of residence or business to a place or person where or by whom such pistol or revolver is to be repaired or while returning to his place or residence or business after the same has been repaired, or to any person carrying a pistol or revolver in or through the state for the purpose of taking part in competitions or attending any meeting or exhibition of an organized collectors' group if such person is a bona fide resident of the United States having a permit or license to carry a firearm issued by the authority of any other state or subdivision of the United States, or to any person carrying a pistol or revolver to and from a testing range at the request of the issuing authority, or to any person carrying an antique pistol or revolver.

**Chapter 25. Offenses - Miscellaneous**

**25-18. Facsimiles of firearms.**
**(a)** For the purposes of this section:
**(1)** "Facsimile of a firearm" means
**(A)** any nonfunctional imitation of an original firearm which was manufactured, designed and produced since 1898, or
**(B)** any nonfunctional representation of a firearm other than an imitation of an original firearm, provided such representation could reasonably be perceived to be a real firearm.

Such term does not include any look-a-like, nonfiring, collector replica of an antique firearm developed prior to 1898, or traditional BB. Or pellet-firing air gun that expels a metallic or paint-contained projectile through the force of air pressure.
**(2)** "Firearm" means firearm as defined in Connecticut General Statutes section 53a-3.
**(b)** No person shall give, offer for sale or sell any facsimile of a firearm. The provisions of this subsection shall not apply to any facsimile of a firearm, which, because of its distinct color, exaggerated size or other design feature, cannot reasonable be perceived to be a real firearm.
**(c)** Except in self-defense, no person shall carry, draw, exhibit or brandish a facsimile of a firearm or simulate a firearm in a threatening manner, with intent to frighten, vex or harass another person.
**(d)** No person shall draw, exhibit or brandish a facsimile of a firearm or simulate a firearm in the presence of a peace officer, firefighter, emergency medical technician or paramedic engaged in the performance of his duties knowing or having reason to know that such peace officer, firefighter, emergency medical technician or paramedic is engaged in the performance of such duties.

[Hartford City Code codified through Ordinance No. 10, enacted March 2, 2010]

---

**Code of Ordinances of the City of New Haven**

---

**Chapter 18. Offenses and Miscellaneous Provisions**

**18-12. Firearms and ammunition - Sales to children.** No person shall sell to any child under the age of sixteen (16) years, without the written consent of the parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol, or other mechanical contrivance arranged for the explosion of such cartridge, or of any fulminate.

**18-12.1. Same - Sale of pistols and revolvers.**
**(a)** No person shall advertise, sell, offer or expose for sale, or have in his possession with intent to sell, any pistol or revolver at retail unless such person shall have obtained:
**(1)** A federal license as a dealer in firearms or ammunition from the bureau of alcohol, tobacco and firearms;
**(2)** A state permit for the sale at retail of pistols and revolvers within the city; and
**(3)** A state permit to engage in or conduct business as a seller within the State of Connecticut for the place of business in which such a sale of any pistol or revolver at retail shall occur from the state tax commissioner.
**(b)** No sale of any pistol or revolver at retail by any person qualified to conduct such a sale under subsection (a) shall be conducted in a private dwelling, no part of which is open to the general public.
**(c)** All sales of any pistol or revolver at retail by any person qualified to conduct such a sale under subsection (a) shall be conducted in premises located on property zoned as a business district or in premises for which a variance has been granted for the sale of pistols or revolvers at retail.
**(d)** For the purposes of this section:
**(1)** The term "sale of any pistol or revolver at retail" means any transfer of title, exchange or barter, in any manner or by any means whatsoever, of any pistol or revolver for a consideration for any purpose other than resale in the regular course of business;
**(2)** The term "pistol or revolver" means any firearm having a barrel less than twelve (12) inches in length.

[City of New Haven Code of Ordinances codified through Ordinance No. 1580, adopted Dec. 15, 2008]

---

# DELAWARE
### DEL. CODE

---

**Title 9. Counties**

**Part I. Provisions Affecting All Counties**

**Chapter 3. County Governments Generally**

**330. General powers and duties**

(c) The county governments shall enact no law or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms

Page 110

the insured that the insured is no longer the owner of such firearm.

(i) Lists of customers of a firearm dealer retained by such dealer, provided that such lists do not disclose the particular firearms purchased. Such lists, or any parts thereof, may not be sold, commingled with records relating to other firearms, or transferred to any other person or entity.

(j) Sales receipts retained by the seller of firearms or by a person providing credit for such purchase, provided that such receipts shall not serve as or be used for the creation of a database for registration of firearms.

(k) Personal records of firearms maintained by the owner of such firearms.

(l) Records maintained by a business that stores or acts as the selling agent of firearms on behalf of the lawful owner of the firearms.

(m) Membership lists of organizations comprised of firearm owners.

(n) Records maintained by an employer or contracting entity of the firearms owned by its officers, employees, or agents, if such firearms are used in the course of business performed on behalf of the employer.

(o) Records maintained pursuant to s. 790.06 by the Department of Agriculture and Consumer Services of a person who was a licensee within the prior 2 years.

(p) Records of firearms involved in criminal investigations, criminal prosecutions, criminal appeals, and postconviction motions, civil proceedings relating to the surrender or seizure of firearms including protective injunctions, Baker Act commitments, and sheriff's levies pursuant to court judgments, and voluntary surrender by the owner or custodian of the firearm.

(q) Paper documents relating to firearms involved in criminal cases, criminal investigations, and criminal prosecutions, civil proceedings relating to the surrender or seizure of firearms including protective injunctions, Baker Act commitments, and sheriff's levies pursuant to court judgments, and voluntary surrender by the owner or custodian of the firearm.

(r) Noncriminal records relating to the receipt, storage or return of firearms, including, but not limited to, records relating to firearms impounded for storage or safekeeping, receipts proving that a firearm was returned to the rightful owner and supporting records of identification and proof of ownership, or records relating to firearms impounded pursuant to levies or court orders, provided, however, that such records shall not be compiled, sorted, or otherwise arranged into any lists, indexes, or registries of firearms or firearms owners.

(4) Penalties.

(a) Any person who, or entity that, violates a provision of this section commits a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.

(b) Except as required by the provisions of s. 16, Art. I of the State Constitution or the Sixth Amendment to the United States Constitution, no public funds shall be used to defend the unlawful conduct of any person charged with a violation of this section, unless the charges against such person are dismissed or such person is determined to be not guilty at trial. Notwithstanding this paragraph, public funds may be expended to provide the services of the office of public defender or court-appointed conflict counsel as provided by law.

(c) The governmental entity, or the designee of such governmental entity, in whose service or employ a list, record, or registry was compiled in violation of this section may be assessed a fine of not more than $5 million, if the court determines that the evidence shows that the list, record, or registry was compiled or maintained with the knowledge or complicity of the management of the governmental entity. The Attorney General may bring a civil cause of action to enforce the fines assessed under this paragraph.

(d) The state attorney in the appropriate jurisdiction shall investigate complaints of criminal violations of this section and, where evidence indicates a violation may have occurred, shall prosecute violators.

(5) **Electronic Records.** Secondhand dealers and pawnbrokers who electronically submit firearms transaction records to the appropriate law enforcement agencies as required by Chapters 538 and 539 shall submit the name of the manufacturer and caliber information of each firearm in Florida Crime Information Center coding, and shall include the model and serial number of each firearm.

(6) **Construction.** This section shall be construed to effectuate its remedial and deterrent purposes. This section may not be construed to grant any substantive, procedural privacy right or civil claim to any criminal defendant, and a violation of this section may not be grounds for the suppression of evidence in any criminal case.

[Current through Chapter 271 (End) of the Special 'B' Sessions of the Twenty-First Legislature]

## Code of Broward County

### Chapter 18. Law Enforcement

### Article VI. Firearms, Five-Day Waiting Period

**18-96. Waiting period; prohibition.** There shall be a mandatory five-day waiting period, which shall be five days, excluding weekends and legal holidays, in connection with the sale of firearms occurring within Broward County when the sale is a transfer of money or other valuable consideration, and any part of the sale transaction is conducted on property to which the public has the right of access. Some examples of properties to which the public has a right of access are: gun shows, firearm exhibits, wholesale and retail stores, and flea markets. No person shall transfer or receive a firearm to or from another person for five days from the hour of such sale, excluding weekends and legal holidays, when the sale is a transfer of money or other valuable consideration, and any part of the sale transaction is conducted on property to which the public has the right of access. An uninterrupted, continuous, and cumulative aggregate of 120 hours must elapse between such sale and receipt of the firearm, excluding the hours of weekends and legal holidays. A person who violates the prohibition of this Section is guilty of a violation of a county ordinance, punishable as provided in § 125.69, F.S. and the violation shall be prosecuted in the same manner as misdemeanors are prosecuted.

**18-97. Criminal history records check; requirement; prohibition.**

(a) **Legislative intent.** It is the intent of the Board of County Commissioners, in the exercise of its constitutionally-granted authority, to ensure that no firearm is sold, offered for sale, or transferred where any part of the transaction is conducted on property to which the public has a right of access unless a national criminal history background check is conducted. As of the dates of the enactment and effectiveness of this Ordinance, Florida statutory law only allows such checks to be performed for and by licensed dealers, licensed importers, and licensed manufacturers. Therefore, a buyer or seller who is not otherwise a licensed dealer, licensed importer, or licensed manufacturer must use a licensed dealer, licensed importer, or licensed manufacturer as an intermediary to ensure such checks are conducted.

(b) **Requirement; prohibition.** There shall be a mandatory national criminal history records check done in connection with the sale of firearms occurring within Broward County. No person shall transfer or receive a firearm when any part of the sale transaction is conducted on property to which the public has the right of access until all procedures and requirements of § 790.065, F.S. have been complied with by a person statutorily authorized to conduct background information checks, and an approval number has been obtained and documented, as provided by § 790.065, F.S. In case of repeal or amendment of § 790.065, F.S., no person shall transfer or receive a firearm by sale when any part of the sale transaction is conducted on property to which the public has the right of access until all procedures, requirements, and prohibitions set forth in other federal or state laws relating to background checks have been complied with by persons selling or buying firearms. A person who violates the prohibition of this Section is guilty of a violation of a county ordinance, punishable as provided in § 125.69, F.S. and the violation shall be prosecuted in the same manner as misdemeanors are prosecuted.

**18-98. Non-applicability to holders of Florida concealed weapon permits.** Pursuant to the Florida Constitution, when purchasing a firearm, holders of a Florida concealed weapon permit or license, as prescribed by general law, shall not be subject to the prohibitions and penalties of this article.

**18-99. Penalty.** Violation of a prohibition of this article shall be punishable by a fine not to exceed $500.00 or by imprisonment in the county jail not to exceed 60 days or by both such fine and imprisonment. Each violation of a prohibition of this article relating to a specific firearm shall constitute a separate and individual violation. Nothing contained herein shall be construed to preempt the imposition of higher penalties imposed by state or federal law.

[Broward County Code current through Ordinance No. 2009-67, enacted Oct. 18, 2009]

## Code of Martin County

### Chapter 75. Firearms

**75.1. Short title.** This chapter shall be known and may be cited as the "Martin County Cooling-Off Period Ordinance."

**75.2. Definitions.** As used in this chapter, unless the context otherwise indicates:

**Purchase** means the payment of a deposit, payment in full, or notification of intent to purchase.

**Retail establishment** means gun shop, sporting goods store, pawnshop, hardware store, department store, discount store, bait or tackle shop, or any other store that offers handguns for walk-in retail sale, but does not

include gun collector shows or exhibits, or gun shows.

**Working day** means any day, excluding Saturday, Sunday and legal holidays as defined in F.S. ch. 683.

**75.3. Cooling-off period between purchase and delivery of handguns.** A waiting period of three working days, measured from the time of purchase of a handgun, must expire before delivery of the handgun is made to an individual by a retail establishment selling said handgun. This section shall apply to all sales of handguns to individuals by a retail establishment except as specifically exempted herein.

**75.4. Exemptions.** The provisions of this section [chapter] shall not apply to:

**A.** Individuals who are licensed to carry concealed firearms under the provisions of F.S. § 790.06, who are licensed to carry concealed firearms under any other provision of State law and who show a valid license.

**B.** Individuals who already lawfully own another firearm and who show a sales receipt for another firearm, who are known to own another firearm through a prior purchase from the retail establishment, or who have another firearm for trade-in.

**C.** Any law enforcement or correctional officer as defined in F.S. § 943.10.

**D.** Any law enforcement agency as defined in F.S. § 934.02.

**E.** Sales or transactions between dealers or between distributors or between dealers and distributors who have current federal firearms licenses.

**F.** Any individual who has been threatened or whose family has been threatened with death or bodily injury, provided the individual may lawfully possess a firearm and provided such threat has been duly reported to local law enforcement.

**75.5. Inspection of records.** Records of handgun sales by retail establishments shall be available for inspection, during normal business hours, by any law enforcement agency as defined in F.S. § 934.02.

[Code of Martin County current through Ordinance No. 829, enacted Sep. 15, 2009]

---

### Code of Miami-Dade County

### Chapter 21. Offenses and Miscellaneous Provisions

### Article III. Weapons

### Division 1. In General

**21-16. Sale, loan, etc., weapons to intoxicated persons, etc.** It shall be unlawful for any person to sell, loan or furnish any firearm as defined in Section 21-20.1(a) to any person whom he knows or has reasonable cause to believe is under the influence of alcohol or any narcotic, drug, stimulant, or depressant, or who is of unsound mind, or who is a member of any subversive organization. In addition to all other penalties, such unlawful sale, loan or furnishing shall be grounds for revocation of any license issued by the County to such person.

**21-17. Possession of weapons by felons, intoxicated persons, etc.** It shall be unlawful for any person who has been convicted of a felony, or who is under the influence of alcohol or a narcotic or drug to wear or have about his person or in any vehicle in which he is an occupant any firearm or other dangerous or deadly weapon.

**21-19.1. Sale of Saturday night specials in Miami-Dade County prohibited.** It shall be unlawful for any person to sell or otherwise transfer any Saturday night special as defined in Section 21-20.1(b) or offer or expose for sale or transfer any such Saturday night special.

**(a)** Notwithstanding the foregoing provisions of this section, the sale of Saturday night specials to law enforcement agencies or for authorized military use shall not be subject to the limitations herein set forth.

**(b)** This section shall not apply to wholesale dealers in their business intercourse with retail dealers nor to retail dealers in their business intercourse with other retail dealers nor to wholesale or retail dealers in the regular or ordinary transportation of unloaded firearms, merchandise by mail, express or other mode of shipment, to points outside the County, nor to sales or transfer of firearms that do not use a self-containing cartridge.

**21-20. Registration of sales and transfers required; penalty.**

**(a) Register.** Every person engaged in the business of selling, leasing, or otherwise transferring firearms as defined in Section 21-20.1(a), of the size capable of being concealed on the person, whether such seller, lessor or transferor is a retail dealer, a pawnbroker, or otherwise, shall keep a register in which shall be entered the date and time of sale, lease or transfer; the name of the salesman making the sale, lease or transfer; the place where sold, leased or transferred; the make, model, manufacturer's number, caliber or other marks of identification of such firearm; the purchaser's name, address, color, sex, age, weight, height, complexion, color of hair, birthplace, place of residence, length of residence, occupation, employer, the purpose for which the gun is desired, the date and time of delivery.

**(b) Purchaser and seller to sign.** The person to whom such firearm is sold, leased or otherwise transferred shall sign and the dealer shall require him to sign his name and affix his address to the register in duplicate and the salesman shall affix his signature in duplicate as a witness to the signature of the person to whom such firearm is sold, leased or transferred.

**(c) Waiting period required for handgun.** The person to whom such handgun is sold, leased or otherwise transferred shall wait, and the dealer shall require him to wait, a period of seventy-two (72) hours prior to such person acquiring possession of such handgun.

**(d) Fictitious name prohibited.** Any person signing a fictitious name or address in such register is guilty of a violation of this section.

**(e) Exceptions.** This section shall not apply to wholesale dealers in their business intercourse with retail dealers nor to retail dealers in their business intercourse with other retail dealers, nor to wholesale or retail dealers in the regular or ordinary transportation of unloaded firearms, merchandise by mail, express or other mode of shipment, to points outside the County, nor to sales or transfer of firearms that do not use a self-containing cartridge.

**(f) Penalty.** Every person who is convicted for a violation of Section 21-20(c) shall be punished upon a first conviction by imprisonment for not less than six (6) months or by a fine of not less than one thousand dollars ($1,000.00) or by both such fine and imprisonment, in the discretion of the court and on a second and subsequent conviction shall be punished by imprisonment for not less than one (1) year or by a fine of not less than one thousand dollars ($1,000.00) or by both such fine and imprisonment, in the discretion of the court.

### Division 2. License to Sell Firearms

**21-20.1. Definitions.**

**(a)** The word "firearm" as used in this division shall be construed to mean any firearm, weapon, revolver, pistol, autoloading pistol, modified rifle or shotgun, or any similar mechanism by whatever name known, which is designed to expel a projectile through a gun barrel by the action of any explosive, having the size, length or dimensions which make it capable of being concealed upon the person, and originally designed or altered to be used by one (1) hand and having a barrel length of less than sixteen (16) inches, and an overall length of less than twenty-six and one-half (26 1/2) inches, but the word firearm shall not be construed to mean guns that do not use self-contained cartridges.

**(b)** The term "Saturday Night Special" shall mean any firearm which is 32 caliber or smaller, whose barrel is less than three (3) inches, except those whose frame is an investment cast or forged steel, or investment cast or forged high tensile alloy.

**(c)** The word "sale" includes transfer, assignment, pledge, lease, loan, barter, or gift.

**21-20.2. License - Required to sell.**

**(a)** It shall be unlawful for any person, without being licensed as provided in this act [division], to engage in the business of selling or otherwise transferring any handgun or to advertise for sale, or offer or expose for sale or transfer any handgun defined in Section 21-20.1(a) or to engage in the business of repairing handguns. This section applies to persons in the firearms business or in the business of gunsmithing, and does not apply to:

**(1)** Sales or trades by an unlicensed person to a person licensed hereunder, nor to

**(2)** Isolated sales, transfers or trades between unlicensed persons who are not engaged in the firearms business or in the business of gunsmithing.

**(b)** The provisions of this section shall not apply to gun shows, conferences or conventions which are staged under the auspices of a duly recognized nonprofit state or national organization.

**21-20.3. Same - Granted by Clerk of Commission.** The Clerk of the Board of County Commissioners may grant licenses in the form prescribed by the County Commission permitting the licensee to sell said handguns within the County on the premises named therein.

**21-20.4. Application for license; content.** Applicants for licenses to sell must file their applications in duplicate copies in the form prescribed by the County Commission, with the Clerk of the County Commission. All applications must be signed and verified by all persons in whose names the license may be issued. The application shall state the full name, age, residence, present and previous occupations of each person so signing the same, and shall also specify the complete name, address and location of the place of business, as well as other facts as may be required to show the good character, competency and integrity of each person so signing.

**21-20.4.1. Demonstration of knowledge of County, State and federal laws applicable to sale of firearms required.** As part of the application procedure for a license to sell

Page 137

firearms, the Miami-Dade County Commission shall set up two (2) different type licenses. The first license shall be described as the dealer license, which shall be issued to the owner, corporation or partner, or general manager; and the employee license, which shall be issued to any employee who is engaged primarily in retail sale of firearms. The County Commission shall appoint a four-member committee consisting of a member from each of the following: Miami-Dade Police Department, Trail Glade Range or park employee, County Attorney's Office, and a fourth member from the local Miami-Dade County gun dealers. It shall be the duty of this committee to prepare a guide manual from which questions on a short written examination will be taken so that the applicant, whether he be a dealer or employee, shall have to show his knowledge of federal, State and Miami-Dade County laws by a testing procedure which shall be multiple choice or true and false, drawn up by this committee, based on the guide book. If the applicant shall have difficulty with the written or spoken English language, which seriously impairs his ability to demonstrate his knowledge of such laws, special provisions shall be made through an interpreter or otherwise, for the administration of the required written examination to such person. In the event of failure, the applicant may retake the test seven (7) days from date of examination, however, no persons shall be allowed to take this test more than three (3) times in a twelve-month period.

**21-20.5. Investigation of application; fingerprinting.**

(a) The County Commission may require, upon initial application, for applicants for licenses to be fingerprinted, and may require them to attach to their initial applications their photographs. The Director of the Miami-Dade Police Department shall make a records check of each applicant. The Director of the Miami-Dade Police Department shall make a complete investigation only when so directed by the County Commission.

(b) Such fingerprinting shall be searched for any previous criminal record and shall be placed on file by the Director of the Miami-Dade Police Department of the County. No such fingerprinting may be inspected by any person, other than a peace officer, except upon order of a judge of a court of record on such notice, if any, to the person who has been fingerprinted as the judge may determine.

**21-20.6. Issuance of license.**

(a) Upon completion of the following:

(1) An investigation showing the statements on the application to be true; and

(2) The taking and passing of the required written examination on gun control laws and applicable [applicability] to the sale of firearms in Miami-Dade County;

The Director of the Miami-Dade Police Department shall inquire into the good character, competency and integrity of the applicant. In making his determination on the character of the applicant, the Director shall be governed by the following provisions:

(i) He shall not consider a past arrest of the applicant which did not result in a conviction; provided, however, allegations which are the basis for any pending criminal charges may be considered if the charges are pending when the application is considered.

(ii) In the case of subsequent applications of the same applicant, the Director shall only consider acts or omissions on the part of the applicant which have occurred subsequent to the date of the issuance of prior permits to the applicant.

If the Director receives testimony regarding the applicant, witnesses shall be sworn and the rules of evidence applicable to quasi-judicial proceedings shall govern. If the Director is satisfied as to the applicant's good character, competency and integrity, a license to sell shall be issued to the applicant within sixty (60) days of application, and the committee should also assign a permanent license number to each applicant. If the Director is not satisfied as to the applicant's good character, competency and integrity, the application shall be denied. Any applicant or other person dissatisfied with the decision of the Director may, within ten (10) days from the date of action by the Director, apply to the County Commission to review the action of the Director. In such event, witnesses shall be sworn and the rules of evidence applicable to quasi-judicial proceedings shall govern. The determination of the Board shall be final unless overturned by a court of competent jurisdiction.

(b) No license may be issued to any person who has been convicted of a felony in this state or elsewhere or who is under eighteen (18) years of age.

(c) No license may be issued solely in the name of a corporation, firm, partnership, company or other fictitious entity, but the corporate name may be listed on the license.

(d) Annual renewal for either dealer or employee shall be a duplicate simple form listing only name, address, company name and address, Miami-Dade County license number, and notarized signature.

**21-20.7. File of applications and licenses.**

After disposition of the application, the original shall be maintained in the files of the County Commission. The duplicate copy shall be filed with the Director of the Miami-Dade Police Department. Attached thereto shall be information as to the final disposition of the application.

**21-20.8. Conditions; revocation.**

(A) A license issued in accordance with the provisions of this division is subject to the following conditions, for breach of any of which the license is subject to revocation:

(1) The business shall be carried on only in the premises designated in the license.

(2) The license or a copy certified by the issuing authority shall be displayed in a conspicuous place on the premises in which the business is conducted where it can be easily read.

(3) No handgun, or imitation thereof, shall be placed in any display window of the premises.

(4) No handgun shall be delivered:

(a) Until seventy-two (72) hours after the sale has been completed, unless the purchaser is the possessor of a valid license to carry firearms issued within the State, which license to carry shall be displayed at time of sale, except where an operable firearm is traded for another operable firearm as defined in Section 21-20.8 of this chapter.

(b) Unless the purchaser is either personally known to the licensee, or presents conclusive evidence of his identity, proper identification as required by Omnibus Crime Bill of 1968, said evidence to be noted on the sales record.

(c) Unless the delivery is made to the identical individual who has purchased the firearm, by proof of dealer receipt.

(d) The provisions of this section shall not apply to duly employed federal, State, County or municipal law enforcement officers.

(5) A true record of every sale of firearms as, defined in this division shall be kept by the licensee in accordance with the provisions of Section 21-20, Article III of the Miami-Dade County Code, on a form prescribed by the Director of the Miami-Dade Police Department, and a copy of the record of each sale shall be mailed to the Director of the Miami-Dade Police Department within seventy-two (72) hours of the delivery of the firearm.

All firearms with overall length of twenty-six and one-half (26 1/2) inches shall be excluded from this requirement.

(B) The following shall also constitute grounds for revocation of the license:

(1) Conviction of the licensee of any felony.

(2) Any grounds for which the license could have been refused when applied for.

(3) Conviction for violation of Section 20-20.17 of this Code.

**21-20.9. Inspection of sales record book.** A sales record book, as required by the Federal Firearms Act, shall be open at all reasonable hours for the inspection of any police or peace officer.

**21-20.10. Licenses nontransferable; expiration date; renewals.**

(a) Licenses are not transferable. It shall be unlawful for any licensee to assign, sell, lease or in any manner transfer or attempt to sell, lease or in any manner to attempt to transfer said license to sell or any rights or duties thereunder, to any person, persons, firm, partnership, corporation, company or other fictitious entity.

(b) If, during the period of the existence of the license, a person so licensed ceases to engage in the said business or ceases to sell firearms, said license may be surrendered to the County Commission who may order the removal of said person's name from the license and thereby relieve said person from future responsibility under the license as of the date of the removal of the same. All copies of said license shall be corrected.

(c) Any licensed employee may work at any other licensed dealer premises in Miami-Dade County without notice of transfer to the County Commission.

(d) All licenses issued under this division shall expire one (1) year after issuance. Every application for a license to sell, including subsequent successive renewals, may be investigated as provided for in Section 21-20.5 of this division. County must, via certified mail, give thirty (30) days written notice of expiration and send simplified renewal forms.

(e) Licenses may be revoked for cause by the County Commission at any time. The licensee or licensees shall be entitled to an immediate hearing upon the merits to obtain reinstatement of said license.

**21-20.11. Review of orders denying license, revocation.** The Circuit Court shall review orders denying a license to sell and others denying reinstatement of a revoked license.

**21-20.12. Fees, charges.** The initial fee for a license, whether it be dealer or employee, to sell firearms shall be determined by the Manager and shall be established by administrative order of the Manager and approved by the Board of County Commissioners, which sum must accompany the application; provided, however, that the said sum is returnable if the application is subsequently denied. Renewal application

Page 138

shall have a license fee determined by the Manager, as provided for in this section whether it be dealer or employee. Fees collected for licenses issued as provided in this division may be paid into the County Treasury.

**21-20.13. Sale of firearm with serial number defaced prohibited.** It shall be unlawful to sell any firearm whose serial number has been altered, changed, disfigured or defaced.

**21-20.14. Sale or delivery of firearms to certain classes of persons.** It shall be unlawful to sell or deliver any firearm to any person who the seller has reasonable grounds to believe is under the influence of intoxicating liquor, narcotic drugs or barbiturates, or hallucinogens, or is addicted to the use of any narcotic drug or barbiturate, or hallucinogens, or is a habitual alcoholic, or is of unsound mind; or has been convicted of a felony; or is a fugitive from justice; or is a member of a subversive organization.

**21-20.14.1. Three working days waiting period.**

(a) **Definitions.**

**Purchase** means payment of deposit, payment in full, or notification of intent to purchase.

**Retail establishment** means gun shop, sporting goods store, pawn shop, hardware store, department store, discount store, bait or tackle shop, or any other store or shop that offers handguns for walk-in retail sale but does not include gun collectors shows or exhibits, or gun shows.

(b) **Applicability.** This section shall apply to all sales of handguns to individuals by retail establishments unless exempted in subsection (d) hereof.

(c) **Prohibition.** It shall be unlawful and a violation of this section for any retail establishment to deliver a handgun to a purchaser within three (3) working days after the purchase of the handgun. It shall be unlawful and a violation of this section for any individual to take possession of a handgun within three (3) working days after the purchase of the handgun. Records of handgun sales by retail establishments shall be available for inspection during normal business hours by any law enforcement agency as defined in Section 934.02, Florida Statutes.

(d) **Exceptions.** The following shall be exempted from the provisions of this section.

(1) Individuals who are licensed to carry concealed firearms under the provisions of Section 790.06, Florida Statutes, or who are licensed to carry concealed firearms under any other provisions of State law and who show a valid license;

(2) Individuals who already lawfully own another firearm and who show a sales receipt for another firearm; who are known to own another firearm through a prior purchase from the retail establishment; or who have another firearm for trade-in;

(3) A law enforcement or correctional officer as defined in Section 943.10, Florida Statutes;

(4) A law enforcement agency as defined in Section 943.02, Florida Statutes;

(5) Sales or transactions between dealers or between distributors or between dealers and distributors who have current federal firearms licenses; or

(6) Any individual who has been threatened or whose family has been threatened with death or bodily injury, provided the individual may lawfully possess a firearm and provided such threat has been duly reported to Miami-Dade Police Department or any municipal police department within Miami-Dade County, Florida.

(e) **Penalties.** Every person who is convicted for a violation of this section shall be punished upon a first conviction by imprisonment for not less than six (6) months or by a fine of not less than one thousand dollars ($1,000.00) or by both such fine and imprisonment, in the discretion of the court and on a second and subsequent conviction shall be punished by imprisonment for not less than one (1) year or by a fine of not less than one thousand dollars ($1,000.00) or by both such fine and imprisonment, in the discretion of the court.

**21-20.15. Penalty.** Every person who is convicted of a violation of this division shall be punished by a fine not to exceed five hundred dollars ($500.00) or imprisonment in the County Jail for not more than thirty (30) days, or by both such fine and imprisonment; for a second conviction of a violation of this division such person shall be punished by a fine not to exceed one thousand dollars ($1,000.00) or imprisonment in the County Jail not more than twelve (12) months, or by both such fine and imprisonment.

**21-20.16. Handgun purchaser's instruction and qualification procedure.**

(a) **Instruction and qualification procedure required.** It shall be unlawful for any person to acquire a handgun in Miami-Dade County from a licensed dealer, unless such person has received safety instruction and otherwise qualified, pursuant to this section, or unless he is specifically exempted from the operation of this section.

(b) In order to qualify under this section the purchaser must demonstrate his knowledge of federal, State and Miami-Dade County laws by passing a short written examination consisting of questions prescribed herein by the County Commission. The purchaser must also demonstrate his ability to safely handle the handgun to be purchased pursuant to guidelines prescribed herein by the County Commission. Persons who have successfully completed the above procedures in the course of purchasing a handgun shall not be required to repeat such procedures in any given year in order to purchase another handgun of the same type and caliber previously purchased. If the purchaser shall have difficulty with the written or spoken English language, which seriously impairs his ability to demonstrate his knowledge of such laws and his ability to safely handle said handgun, special provisions shall be made through an interpreter or otherwise, for the administration of the required written examination and qualification procedure to such person. In the event of failure, the applicant may retake the test seven (7) days from the date of examination, however no person shall be allowed to take this test more than three (3) times in a twelve-month period as a result of such failure.

(c) The transferor shall administer unto the purchaser safety procedures as prescribed by the County Commission prior to the purchaser acquiring ownership or possession of the handgun, and shall execute the prescribed form that said procedure has been imparted to the purchaser.

The above prescribed procedure shall be administered only by duly licensed dealers or salesmen under this chapter.

The signature of the purchaser upon the prescribed form shall serve as a release of the transferor from all civil liability as a result of carrying out this section.

(d) The County Commission shall appoint a four (4) member committee consisting of a member from each of the following: Miami-Dade Police Department, Trail Glade Range or park employee, County Attorney's Office, and a fourth member from the local Miami-Dade County gun dealers.

The committee shall from time to time advise the County Commission of needed changes in the prescribed procedure and form. Such changes shall become effective upon the consideration and approval of the County Commission.

(e) This section shall not apply to:

(1) Law enforcement officers or agents of any state of the United States, or any political subdivision, municipal corporation, department or agency of either, members of the organized militia of any state or the armed forces of the United States, or law enforcement officers of any political subdivision, municipal corporation, department or agency of either, while engaged in the discharge of their official duties.

(2) Wholesale dealers in their business intercourse with retail dealers or retail dealers in their business intercourse with other retail dealers or to wholesale or retail dealers in the regular or ordinary transportation of any unloaded firearms, merchandise by mail, express or other mode of shipment to points outside the country.

(3) Nonresidents of the United States having proper authorization from his or her consulate, acting consulate, commercial attaché, or such other authorized representative.

(4) This section applies to persons in the firearms business or in the business of gunsmithing, and does not apply to:

(a) Sales or trades by an unlicensed person or a person licensed hereunder, nor to

(b) Isolated sales, transfers or trades between unlicensed persons who are not engaged in the firearms business or in the business of gunsmithing.

(5) The provisions of this section shall not apply to gun shows, conferences or conventions which are staged under the auspices of a duly recognized nonprofit, State or national organization.

**21-20.17. Unlawful to sell handguns to persons who have not qualified.**

(a) It shall be unlawful for a licensed dealer to sell, deliver, transfer, or furnish any handgun to any person in Miami-Dade County unless the purchaser has qualified under Section 21-20.16, or

(b) Unless the purchaser exhibits evidence that he is exempt from the requirements of Section 21-20.16(b). Every person who is convicted for violation of this section shall be punished as provided in Section 21-20.15 of this Code.

**21-20.18. Five-day waiting period and criminal history records check on firearms sales.**

(a) **Definitions.** For purposes of this section, the following terms shall be defined as follows:

(1) **Any part of the transaction** means any part of the sales transaction, including but not limited to, the offer of sale, negotiations, the agreement to sell, the transfer of consideration, or the transfer of the firearm.

(2) **Antique firearms** means any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; and any replica of any such firearm if such replica (i) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or (ii) uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

(3) **Firearm** means any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; and firearm muffler or firearm silencer; any destructive

device; or any machine gun. Such term does not include an antique firearm.

**(4) Property to which the public has the right of access** means any real or personal property to which the public has a right of access, including property owned by either public or private individuals, firms and entities and expressly includes, but is not limited to, flea markets, gun shows and firearms exhibitions.

**(5) Sale** means the transfer of money or other valuable consideration.

**(b) Application and enforcement of section.** Law enforcement officers shall have the right to enforce the provisions of this section against any person found violating these provisions within their jurisdiction.

**(c) Sale and delivery of firearms; mandatory five-day waiting period.** There shall be a mandatory five-day waiting period, which shall be five full days, excluding weekends and legal holidays, between the hour of the sale and the hour of the delivery of any firearm when any part of the transaction is conducted within Miami-Dade County on property to which the public has the right of access.

**(d) Sale and delivery of firearms; mandatory criminal records check.** No person, whether licensed or unlicensed, shall sell, offer for sale, transfer or deliver any firearm to another person when any part of the transaction is conducted on property to which the public has the right of access within Miami-Dade County until all procedures specified under section 790.065, Florida Statutes, have been complied with by a person authorized by that section to conduct a criminal history check of background information as specified in that section, and the approval number set forth by that section has been obtained and documented. Upon the repeal of section 790.065, Florida Statutes, no person, whether licensed or unlicensed, shall sell, offer for sale, transfer or deliver any firearm to another person when any part of the transaction is conducted on property to which the public has the right of access until all procedures specified under any other state or federal law which requires a national criminal history information or national criminal history check on potential buyer or transferee of firearms have been complied with by any person authorized by law to conduct the required national criminal history or background records check and any required approval under such state or federal law or rule has been obtained. "Person" for purposes of this subsection shall include any person, including, but not limited to a licensed importer, licensed manufacturer or licensed dealer and any unlicensed person.

In the case of a seller who is not a licensed importer, licensed manufacturer or licensed dealer, compliance with section 790.065 or its state or federal successor shall be achieved by the seller requesting that a licensed importer, licensed manufacturer or licensed dealer complete all the requirements of section 790.065 or its state or federal successor. Licensed importers, manufacturers and dealers may charge a reasonable fee of an unlicensed seller to cover costs associated with completing the requirements of section 790.065.

**(e) Exemptions.** Holders of a concealed weapons permit as prescribed by state law and holders of an active certification from the Criminal Justice Standards and Training Commission as a law enforcement officer, a correctional officer, or a correctional probation officer as set forth in state law shall not be subject to the provisions of this section. Sales to a licensed importer, licensed manufacturer or licensed dealer shall not be subject to the provisions of this section.

**(f) Penalties.** Any person violating any provision of this section shall be punished by a fine not to exceed five hundred dollars ($500.00) or by imprisonment not to exceed sixty (60) days in the County Jail, or by both such fine and imprisonment. Nothing contained herein shall be construed to preempt the imposition of any higher penalties imposed by state or federal law.

**(g) Reporting of information.** To the fullest extent permissible by law, all information acquired in relation to a violation of this section shall be reported to appropriate federal and state officials.

**21-20.19. Locking devices required for firearms.**

**(a) Definitions.** For purposes of this section, the following terms shall be defined as follows:

**(1) Locking device** means a device that when installed on a firearm and secured by means of a key or a mechanically or electronically operated combination lock prevents the firearm from being discharged without first deactivating or removing the device.

**(b)** If a person stores or leaves a firearm at any location where the person knows or reasonably should know that a minor might gain access to the firearm, the person shall secure the firearm with a locking device or in a securely locked box or container except when it is carried on his or her body or is located within such close proximity that the person can retrieve the firearm and prevent access to it by a minor.

**(c)** A violation of this section is a breach of a duty of safety owed by the person who owns or possesses the firearm to all minors who might gain access to it and to the general public.

**(d)** Any person which is convicted of violating this sub-section shall be punished by a fine not to exceed five hundred dollars ($500.00) or by imprisonment in the County jail for not more than sixty (60) days or by both such fine and imprisonment.

**(e) Applicability.** This section shall apply to the incorporated and unincorporated areas of Miami-Dade County.

[Code of Miami-Dade County current through Ordinance No. 09-81, enacted Sep. 1, 2009]

---

**Palm Beach County Code**

---

**Chapter 28. Weapons**

**Article II. Firearms**

**28-21. Definitions.** As used in this article:

**Business day** means a 24-hour day (beginning at 12:01 a.m.), excluding weekends and legal holidays.

**FDLE** means the Florida Department of Law Enforcement.

**Firearm** means any weapon, including a starter gun or handgun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun.

**Handgun** means a firearm capable of being carried and used by one (1) hand, such as a pistol or revolver.

**Licensed dealer** has the same meaning as in Title 27, Code of Federal Regulations, Part 178.

**Licensed importer** has the same meaning as in Title 27, Code of Federal Regulations, Part 478, or any successor federal regulations requiring licenses for firearm dealers.

**Licensed manufacturer** has the same meaning as in Title 27, Code of Federal Regulations, Part 478, or any successor federal regulations requiring licenses for firearm importers.

**NICS** means the National Instant Criminal Background Check System established pursuant to Title 18, United States Code, Section 922.

**Person** includes, but is not limited to, any individual, corporation, company, association, firm, partnership, society, or joint stock company.

**Sale** means the transfer of money or other valuable consideration for any firearm when any part of the transaction is conducted on property to which the public has the right of access, which includes, but is not limited to, flea markets, gun shows and gun exhibitions.

**Shotgun** means a shoulder-held firearm with a smooth bore designed primarily to fire shells containing multiple projectiles (shotshells).

**Shotshell** means a metal, plastic or cardboard case containing a primer, propellant and multiple projectiles intended to be fired from a shotgun.

**Structure** means that which is three (3) feet or more in height which is built or constructed or erected or tied down having a fixed location on the ground such as buildings, homes and mobile homes.

**28-23. Mandatory waiting period; Criminal history records check requirement.**

**(a)** No person shall deliver a firearm to another person, other than a licensed dealer, licensed manufacturer or licensed importer, in connection with the sale, as defined in section 28-1, of such firearm for a period of five (5) business days from the date of the sale.

**(b)** No person shall deliver a firearm to another person, other than a licensed dealer, licensed manufacturer or licensed importer, in connection with the sale, as defined in section 28-1, of such firearm until the seller, either directly or through a licensed dealer, licensed manufacturer or licensed importer, has:

**(1)** Requested a national criminal history records check of the potential purchaser or transferee of the firearm from FDLE or NICS, and

**(2)** Received an approval/identification number from FDLE or NICS signifying the potential purchaser or transferee of the firearm would not be prohibited by state or federal law from receiving or possessing a firearm.

**(c)** The provisions of this section shall not apply to holders of a concealed weapons permit issued pursuant to general law of the State of Florida when purchasing a firearm.

**28-24. Enforcement.** It shall be the duty and responsibility of law enforcement officers within their respective jurisdictions to enforce this article and all related state laws.

**28-25. Penalty.** Any person convicted of a violation of any of provision of this article shall be punished in accordance with section 125.69(1), Florida Statutes, as may be amended, by a fine not to exceed five hundred dollars ($500.00) per violation or by imprisonment in the county jail not to exceed sixty (60) days or by both such fine and imprisonment. Each violation of this article shall constitute a separate offense. In addition to the sanctions contained herein, the county shall be authorized to take any other appropriate legal action, including, but not limited to, seeking cease and desist orders, instituting other administrative actions, and requesting temporary and

**12.04.120. Sale or possession of certain pistols prohibited.** It shall be unlawful to purchase, sell, or in any manner to transfer, or have in possession or control, any pistol on which the name of the manufacturer, or the model, or the manufacturer's serial number has been removed, obliterated, concealed, or altered.

**12.04.130. Window displays of pistols and ammunition prohibited.** No pistols or ammunition shall be openly displayed in any store or business window, except only during such hours when said store is open for business and under the supervision of the licensee or adult authorized personnel.

**12.04.140. Sale of foreign made pistols with ammunition restricted.** No pistol of foreign make shall be sold with ammunition for the same unless the ammunition is expressly designed for use with such pistol.

**12.04.150. Sale of homemade pistols prohibited.** No homemade pistols shall be bought or sold except as provided by law under the federal firearms act.

**12.04.160. Condition of pistols sold.** All secondhand and used pistols, except antique pieces, sold or purchased, shall be in a safe and operable condition.

**12.04.170. Unlawful to permit persons under eighteen years to have possession or control of pistol.** It shall be unlawful within the unincorporated area of Clark County, for any person to aid, or knowingly permit, another under eighteen years of age to handle, or have in his or her possession, or under his or her control, any pistol, except while accompanied, by or under the immediate charge of, his or her parent, guardian, or other responsible adult and while engaged in hunting, target practice or other lawful purpose.

**12.04.210. Unlawful transfer of firearms capable of being concealed.** It is unlawful for any person to sell, give away or permanently pass possession to another person of any pistol, revolver or other firearm capable of being concealed, unless the transferor first registers, or causes the weapon to be registered to the transferee and new owner thereof, either with the sheriff, or with a police department of one of the incorporated cities of Clark County.

**12.04.260. Unlawful use of electronic stun device.** It is unlawful, within the unincorporated area of Clark County, for any person, other than a law enforcement officer, to use an electronic stun device (device which is designed to deliver an electric shock to the body or person of another) for any purpose other than self-defense. It is further unlawful for any person who:

(a) Has been convicted of a felony in the United States or the state of Nevada, or in any state or territory of the United States or any public subdivision thereof; or

(b) Is a fugitive from justice; or

(c) Is an unlawful user or seller of narcotics; or

(d) Any minors;

to possess such electronic stun device.

**12.04.270. Investigation and permit fee.** All applicants for a pistol permit shall pay to the Las Vegas metropolitan police department a fee which reimburses the police department the actual cost of issuing the permit and investigation as set out in Section 6.04.015.

[Clark County Code current through Ordinance 3924 adopted December 22, 2010]

---

**Las Vegas Municipal Code**

---

Title 10. Public Peace, Morals and Welfare

Division IX. Weapons

Chapter 10.66. Pistols

**10.66.010. Definitions.**
As used in this Chapter:
"Dealer" means any person engaged in the business of buying or selling pistols at wholesale or retail, or of accepting pledges of pistols as security for loans.
"Firearm" means any device designed to be used as a weapon from which a projectile may be expelled through the barrel by the force of any explosion or other form of combustion.
"Firearm capable of being concealed" includes all firearms having a barrel less than twelve inches in length.
"Pistol" means a firearm capable of being concealed that is intended to be aimed and fired with one hand.

**10.66.020. Dealer permit - Required - Leasing prohibited.** It shall be unlawful for any person, except a dealer having a pistol permit issued under the provisions of this Chapter, to engage in the business of buying or selling pistols at retail or wholesale, or of accepting pledges of pistols as security for loans, and no such permit shall authorize the leasing of any pistol.

**10.66.030. Dealer permit - Eligible firms.** Applications for pistol permits shall be accepted only from duly licensed hardware stores, gunsmith shops, sporting goods stores, stores which outfit and equip police officers and security guards, Class IV secondhand dealers and pawnshops where pistols may be sold or purchased in compliance with this Chapter.

**10.66.040. Dealer permit - Application - Investigation - Issuance.**
(A) Any person desiring a pistol permit to engage in the business of buying or selling pistols, or of accepting pledges of pistols as security for loans, under the provisions of this Chapter, shall first apply to the City Council setting out his name, address, and other information as may be required and the business (other than dealing in pistols) intended to be carried on and stating a request for a pistol permit to deal in pistols at such place.
(B) The application will then be referred to the Sheriff of the Metropolitan Police Department, or his designee, for his investigation and his recommendation, then back to the Council which may, after considering same in any manner that may appear to it proper, approve or disapprove such application. If disapproved, then no pistol permit shall be issued. If approved, the Sheriff or his designee shall issue a pistol permit to such applicant to deal in pistols at the place named and under the present business license of such applicant.

**10.66.050. Disqualifications for sale or transfer.** It shall be unlawful for a dealer or any other person to sell, lease, rent or otherwise transfer a pistol to any person whom he knows or has reasonable cause to believe is included within any one or more of the following categories:
(A) Who is under the age of eighteen years;
(B) Who is under the influence of intoxicating beverages;
(C) Who is a fugitive from justice;
(D) Who has been convicted of a felony in the state or any state or territory of the United States or any political subdivision thereof;
(E) Who is an unlawful user or seller of narcotics;
(F) Who is a member of an association advocating criminal syndicalism as defined in NRS 203.160 through 203.190;
(G) Who has been adjudged insane in this State or elsewhere and has not subsequently been adjudged Sane by a court of competent jurisdiction.

**10.66.060. Sale-delivery waiting period - Manner of delivery.**
(A) When any sale of a pistol is made by a dealer under this Chapter, seventy-two hours must elapse between the time of sale and time of delivery to the purchaser, and when delivered, all pistols must be securely wrapped, must be unloaded and must be accompanied by a receipt, signed by dealer, setting forth:
(1) The name, address and description of the purchaser or transferee;
(2) A complete description of the pistol, including the manufacturer, model and manufacturer's serial number thereof;
(3) The date and time of sale and the date and time of delivery of such pistol; and
(4) A statement notifying the purchaser or transferee that the pistol must be registered with the Sheriff or his designee within seventy-two hours if the purchaser or transferee is a resident of the City.
(B) The seventy-two-hour waiting period before delivery shall not apply to the sale of a pistol to any person who, at the time of such sale, produces bona fide documentary evidence that he is a member of a Federal law enforcement agency, that he is a peace officer of the State or any political subdivision thereof who is regularly employed for pay by the State or such subdivision, or that he currently owns a pistol which is duly registered in his name with any law enforcement agency in the County, nor shall said waiting period apply to any person who requires the use of a pistol in his employment and receives written permission from the Sheriff or his designee to waive said waiting period; provided, however, that all of the other provisions shall apply to any of such sales.

**10.66.070. Notice to Police of delivery.** A dealer making a sale of a pistol shall, within twenty-four hours after the delivery thereof, deliver to the Sheriff of the Metropolitan Police Department or his designee a duplicate copy of the receipt referred to in Section 10.66.060, signed by the dealer and by the purchaser or transferee of such pistol.

**10.66.080. Altered or removed identification marks.** It shall be unlawful to purchase, sell, or to transfer in any manner or to have in possession or control any pistol on which the name of the manufacturer, model or manufacturer's serial number has been removed or altered.

**10.66.090. Window display.** No pistols or ammunition shall be displayed in any store or business window.

**10.66.100. Ammunition compatibility.** No pistol of foreign make shall be sold with ammunition for the same unless said ammunition is expressly made for the pistol.

**10.66.110. Home-made pistols.** No home-made pistols shall be bought or sold except as provided by law under the Federal Firearms Act.

**10.66.120. Safe and first-class condition.** All secondhand and used pistols, except antique pieces, sold or purchased shall be in a safe and first-class condition.

**10.66.130. Unlawful possession - Persons under age eighteen.** It shall be unlawful for any person who is included within any one or more of the categories set forth in Section 10.66.050 to receive from another by loan, gift, purchase or in any manner, or to attempt to obtain in any manner, or have in his or her possession or control, any pistol; provided, however, that a person under the age of eighteen years may have a pistol in his or her possession or under his or her control while accompanied by or under the immediate charge of his or her parent, guardian, or responsible adult and while engaged in hunting or target practice or other lawful purpose.

**10.66.140. Registration of ownership required.**

(A) Any resident of the City receiving title to a pistol, whether by purchase, gift or other transfer, and whether from a dealer or any other person, shall, within seventy-two hours of such receipt, personally appear, together with such pistol, and register the same with the Sheriff of the Metropolitan Police Department or his designee. It shall be unlawful to possess a pistol which is not so registered.

(B) It shall be the duty of the Sheriff or his designee to register said pistol and he is authorized to cooperate with other law enforcement agencies and licensed dealers in effecting registration of pistols to the end that efficient registration will be secured at a minimum of cost and duplication.

**10.66.150. Permitting possession by those under eighteen.** It shall be unlawful for any person to aid or knowingly permit another under the age of eighteen years to handle or have in his or her possession or under his or her control any pistol except while accompanied by or under the immediate charge of his or her parent, guardian or responsible adult and while engaged in hunting, target practice or other lawful purpose.

### Chapter 10.71. Electronic Stun Devices

**10.71.010. Electronic stun devices—Civilian use—When prohibited.**

(A) It is unlawful for any person, other than a Law Enforcement Officer, to use an electronic stun device for any purpose other than self-defense.

(B) It is unlawful for any of the following to possess an electronic stun device:

(1) Any person who has been convicted of a felony;

(2) Any person who is a fugitive from justice;

(3) Any person who is an unlawful user or seller of narcotics; or

(4) Any minor.

(C) For purposes of this Section, an "electronic stun device" is any weapon or other device that emits an electrical charge or current that is intended to temporarily or permanently disable or incapacitate a person.

[Las Vegas Municipal Code current through Ordinance No. 6123, adopted December 15, 2010]

### North Las Vegas Municipal Code

#### Title 9. Public Peace, Morals and Welfare

#### Chapter 9.36. Pistols

**9.36.010. Definitions.** Unless the context clearly requires otherwise, the following definitions shall apply and be effective in this chapter:

"Dealer" means any person engaged in the business of buying or selling pistols at wholesale or retail, or of accepting pledges of pistols as security for loans as set forth herein.

"Pistol" means any small firearm fired by hand, loaded or unloaded, capable of being concealed upon the person. The term shall include all small firearms with a barrel or barrels not exceeding twelve (12) inches in length including revolvers, automatics and derringers from which a dangerous projectile may be propelled by explosives.

**9.36.020. Dealer's license.** It is unlawful for any person, except a dealer having a pistol permit issued under the provisions of this chapter, to engage in the business of buying or selling pistols at retail or wholesale or to lease or to pledge or accept any pistol as security for a loan.

**9.36.030. Sales business restricted.** Application for a pistol permit shall be accepted only from the owners of licensed antique gun dealers, gunsmith shops, hardware stores, pawnshops, secondhand stores and sporting goods stores where pistols may be sold or purchased in compliance with this chapter.

**9.36.080. Waiting period.**

A. When any sale of a pistol is made by a dealer under this chapter, seventy-two (72) hours must elapse between the time of sale and the time of delivery to the purchaser and, when delivered all pistols must be unloaded.

B. This section shall not apply to federal law enforcement agencies or to a police officer of the state of Nevada or any subdivision thereof who is regularly employed and paid by the state or subdivision, or to any person who currently owns a pistol which is duly registered in his name with any law enforcement agency of Clark County or who has a currently valid permit to carry a concealed pistol, nor shall it apply to any person who requires the use of a pistol in his employment and receives written permission from the chief of police to waive the seventy-two (72) hour waiting period.

**9.36.090. Notification of chief of police.**

A dealer or other person making a sale of a pistol shall, within twenty-four (24) hours, notify the chief of police in writing of such sale, giving the name, address and description of the purchaser or transferee, together with the number of the pistol and a complete description thereof and shall notify the purchaser or transferee, at the time of delivery, that the pistol must be registered with the chief of police within twenty-four (24) hours.

**9.36.100. Registration.**

A. Any person who has been a resident of the city for a period of sixty (60) days or more is required to register any pistols in their possession as set forth in Section B of this section.

B. Any resident receiving title to a pistol, whether by purchase, gift or any other transfer, shall within seventy-two (72) hours of receipt, personally appear at the police station, together with the pistol, for the purpose of registering the same with the chief of police. It shall be the duty of the chief of police to register the pistol and he may cooperate in any manner he sees fit with other law enforcement agencies in effecting registration of pistols to the end that efficient registration will be secured at a minimum cost and duplication.

**9.36.110. Satisfactory pistol identification required.** It is unlawful to purchase, sell or to transfer in any manner, or to have in possession or control, any pistol on which the name of the manufacturer, model and manufacturer's serial number has been removed or altered unless, if upon presentation for registration, the pistol can otherwise be identified to the satisfaction of the chief of police, in which case the means of identification shall be noted upon the registration card.

**9.36.120. Persons prohibited from purchasing or owning pistols.** It is unlawful for any person to receive from another by loan, gift, purchase or in any manner, or attempt to obtain in any manner or have in his possession or control, a pistol as defined by this chapter who:

A. Has been convicted of a felony in the state of Nevada, or in any state or territory of the United States or any political subdivision thereof;

B. Is a fugitive from justice;

C. Is an unlawful user or seller of narcotics;

D. Is a habitual drunkard;

E. Is a member of an organization advocating criminal syndicalism, as defined in NRS 203.160 through 203.190;

F. Is foreign born and not a naturalized citizen of the United States of America;

G. Has been adjudged insane in this state or any other state and has not subsequently been adjudged sane.

**9.36.130. Prohibited sales and transfers of pistols.** It is unlawful for any person or a dealer in pistols to sell, lease, lend, or otherwise transfer a pistol to any person whom he knows or has reasonable cause to believe:

A. Is under the influence of intoxicating beverages;

B. Is mentally ill or disturbed;

C. Is under eighteen (18) years of age;

D. Is a person prohibited from purchasing a pistol as provided in Section 9.36.120.

**9.36.140. Display restriction.** No pistols or ammunition for the same shall be displayed in any store or business window during those hours when not open for business and under supervision.

**9.36.150. Sales of foreign-made pistols.** No pistol of foreign make shall be sold with ammunition for the same unless the ammunition is expressly designed for use with such pistol.

**9.36.160. Homemade pistols prohibited.** No homemade pistols shall be bought or sold except as provided by law under the Federal Firearms Act.

**9.36.170. Condition of pistols sold.** All secondhand and used pistols, except antique pieces, sold or purchased shall be in a safe, operable condition.

**9.36.180. Use by minors restricted.** No juvenile under eighteen (18) years of age shall handle or have in his or her possession or under his or her control, except while accompanied by or under the immediate charge of his or her parent, guardian or a responsible adult, a pistol.

**9.36.190. Aiding violation by minor.** Any person violating Section 9.36.180 or aiding or knowingly permitting any such juvenile to violate the same shall be guilty of a misdemeanor.

**9.36.200. Blank cartridge pistols prohibited.** Possession, transportation, sale or use of a blank cartridge pistol, except for theatrical purposes or for the training or exhibiting of dogs or for signal purposes in athletic sports or by railroads for signal purposes or for use by the United States Armed Forces or any organization of war veterans or by peace officers, is prohibited.

Page 305

**4.** A minor who, without permission of the lawful possessor of a firearm, obtains the firearm from the possessor's body.

**5.** A firearm is in a locked gun cabinet or similar locked location, or is secured with a trigger lock or other similar device which prevents the firearm from discharging ammunition.

**D.** Any person who violates subsection B of this section shall be guilty of a misdemeanor of the second degree.

**137.30 Sale of explosives to minors.**

**A.** No person shall sell, give away, or otherwise dispose of or deliver to any person under eighteen years of age any explosives, as defined in R.C. §3743.01(A), whether such person is acting for himself or for any other person.

**B.** Whoever violates this section is guilty of a misdemeanor of the third degree. Penalty, see §130.99.

[City of Akron Code current through Ordinance No. 345-2010, passed September 25, 2010]

---

## Cincinnati Municipal Code

### Title VII. General Regulations

### Chapter 708. Dangerous Weapons and Firearms

**708-1. Definitions.** For purposes of this chapter, the following words in Section 708-1-A - 708-1-E shall have the following meanings.

**708-1-A. Deadly Weapon.** "Deadly weapon" shall mean any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon.

**708-1-B. Firearm.** "Firearm" shall mean any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable.

**708-1-C. Handgun.** "Handgun" shall mean any firearm designed to be fired while being held in one hand, or any combination of parts from which it is possible to assemble a handgun.

**708-1-D. Dangerous Weapon.** "Dangerous Weapon" shall mean any instrument, device or thing capable of inflicting death or serious physical injury and designed or specifically adapted for use as a weapon, including an air gun, BB gun, musket, rifle, shotgun, revolver, pistol or ammunition therefor, bowie knife, dirk or other device passed, carried or used as a weapon.

**708-1-E. Person.** "Person" shall mean any individual, organization, company or corporation.

**708-1-F. Retail Dealer.** "Retail dealer" means any person engaged in selling, exchanging, bartering or keeping a thing with the intention of selling, bartering, or exchanging directly it to or with a consumer.

**708-3. Prevention of Distribution of Weapons and Firearms to Minors.**

**(A)** No person shall knowingly and/or recklessly:

(1) Sell, barter, lend, provide or give to a minor under the age of 18 years a deadly weapon, dangerous weapon, firearm, or handgun.

(2) Sell, barter, lend, provide or give to a person under the age of 21 years a handgun.

(3) Furnish any firearm to a person under the age of 18 years, except for purposes of lawful hunting, or for purposes of instruction in firearms safety, care, handling, or marksmanship under the supervision or control of a parent or legal guardian.

**(B)** No parent or legal guardian of a minor:

(1) Who knows such minor possesses or has been provided a deadly weapon, dangerous weapon, firearm, or handgun shall fail to remove the deadly weapon, dangerous weapon, firearm, or handgun from the minor's possession or control; or if the deadly weapon, dangerous weapon, firearm, or handgun cannot be removed without jeopardizing the safety of the parent or legal guardian fail to notify the Cincinnati Police Division that the minor possesses the deadly weapon, dangerous weapon, firearm, or handgun.

**(C)** No person shall:

(1) Store, control or possess any firearm within or upon any premises of which that person has an ownership interest, control or custody of, in such a manner that the person knows or should know that a minor is likely to gain possession of the firearm, and in fact, the minor does obtain possession of the firearm.

(2) This provision shall not apply:

(a) where the minor obtains the firearm as a result of an illegal entry onto the premises; or

(b) where the firearm is kept in a locked container, access to which is not available to a minor; or

(c) the firearm is equipped with, and has in place, a locking device, the means of removal of which is not available to a minor; or

(d) the minor obtains the firearm in a lawful act of self-defense, or defense of a minor's home or property.

**(D)** It shall be unlawful for the owner to possess a firearm without obtaining liability insurance for the negligent use of the firearm by a minor or the negligent entrustment of the firearm to a minor and covering all potential victims of incidents committed by a minor in which the firearm is used. Proof of such liability insurance shall be required after an incident of negligent or accidental discharge in which the firearm was used by a minor has been committed.

**(E)** No minor under the age of 18 years shall:

(1) Buy, barter, hire, borrow, receive or possess a deadly weapon, dangerous weapon, firearm, or handgun except as otherwise provided at subsection (A)(3).

**(F)** For purposes of Section 708-3, the following words shall have the following meanings.

(1) "Deadly Weapon", "Dangerous Weapon", "Firearm", and "Handgun" shall have the same meaning as defined in Cincinnati Municipal Code §§709-1-A, 708-1-B, 708-1-C and 708-1-D.

(2) "Locked Container" shall mean a secure container which is enclosed on all sides and locked by a padlock, key lock, combination lock or similar device.

(3) "Locking Device" shall mean a trigger lock or similar device, which, when applied to a firearm, temporarily prevents the firearm from functioning.

**(G)** Whoever violates any provision of this chapter shall commit the offense of illegal distribution of firearms to a minor and shall be guilty of a misdemeanor of the first degree.

**708-5. Display Advertising of Weapons Prohibited.** No person shall exhibit for sale in show cases or show windows any dangerous weapon or firearm or any accessory therefor, or handgun ammunition, or display any sign, poster, carton or display card which suggests the sale of any dangerous weapon or firearm or accessory therefor, or handgun ammunition. Nothing herein shall apply to firearms having a barrel of 12 inches or more in length in establishments licensed to sell same.

**708-7. Obliterating Identification Marks Prohibited.** No person shall change, alter, remove or obliterate the name of the maker, model, manufacturer's number or other mark of identification on any dangerous weapon or firearm.

No person shall keep in such person's possession or under such person's control any dangerous weapon or firearm upon which the name of the maker, model, manufacturer's number or other mark of identification has been to such person's knowledge changed, altered, removed or obliterated.

**708-9. Dealers in Weapons; License Fees.** No person shall carry on the business of retail dealer in firearms, ammunition for firearms, or dangerous weapons without first obtaining a license therefor for a fee of $600 per year; and such license may be granted by the city manager upon written application of any such retail dealer. For a retail dealer only in shotguns and rifles of regulation size only, manufactured for hunting and sporting purposes only, and ammunition therefor, the annual license fee shall be the sum of $150. The application shall set forth the place of business of the applicant, the nature of the business, the names of all the partners, if a partnership, and the names of all officers, if a corporation. The city manager may authorize the city treasurer to issue a license to the applicant if the city manager is satisfied that the applicant is of good repute in the conduct of such business and that the conduct of such business will not be detrimental to the public safety and welfare.

The city manager may suspend or, after hearing, revoke a dealer's license whenever the city manager finds that the holder thereof has failed to comply with any of the provisions of this chapter. Upon suspending or revoking any such license, the city manager shall require the holder thereof to surrender immediately all licenses issued to such holder and the holder shall surrender promptly all such licenses required. Whenever the city manager suspends a dealer's license, the holder shall be notified immediately and afforded a hearing if no hearing has already been afforded and one is desired. After such hearing, the city manager shall either rescind the order of suspension or upon good cause appearing therefor shall continue the suspension or revoke the license.

**708-11. Restriction on Pawnbrokers.** A dealer licensed under the provisions of Section 708-9 who carries on the business of pawnbroker or secondhand dealer shall not sell any firearms or dangerous weapons except shotguns and rifles of regulation size manufactured for hunting and sporting purposes only.

**708-13. Form of Application to Transfer Firearms.** The city manager shall prescribe a form of application covering the purchase or transfer of firearms. Such form shall provide for the recording of the following facts:

(a) The name, address, and date of birth appearing on a state driver's license or state personal identification card of the transferee that is valid on its face and contains a photograph of the transferee, and a description of the identification card used;

(b) If the transferee is not personally known to the transferor, the name and address of the person by whom the transferee is identified;

(c) The purpose for which the transferee desires to use the firearm;

Page 377

(d) An accurate description of the firearm, including the name of the manufacturer, model, caliber, and serial number;

(e) A description of the transferee, which shall include height, weight, age, color of hair, color of eyes, all visible marks and scars on face and hands, any deformity, nationality, and race.

There shall be printed on the face or the back of the application such extracts from the city ordinances and from the laws of the state of Ohio, including penalty provisions, as the city manager may deem desirable.

The city manager shall furnish sets of such application blanks through the chief of police.

**708-15. Restriction on Transfer of Firearms.** No person shall transfer ownership of a firearm to any transferee unless such person has first verified the identity of the transferee by personally reviewing the transferee's valid driver's license and has required the transferee to fill out in full and sign an application blank as provided for in Section 708-13. No person shall transfer such firearm to any transferee with whom the transferor is not personally acquainted unless such transferee is identified by a person who is personally known to the transferor.

The transferor shall mail the original of each application to the chief of police. One copy shall be delivered to the transferee and one preserved by the transferor. The transferor's copies of used application blanks, and all unused application blanks, shall be kept by the transferor so as to be open for inspection by city police officers at all times.

The provisions of this section and of Sections 708-13 and 708-33 shall not apply to sales at wholesale nor to sales of firearms which have a barrel over 12 inches in length.

**708-17. Sale of Handgun Ammunition.** No person shall sell handgun ammunition to any purchaser with whom the seller is not personally acquainted unless such purchaser is identified by a person with whom the seller is personally acquainted.

**708-19. False Statements in Application.** No person shall give any false information or make any false statements in any application or identification document or in any record or report provided for in Section 708-9 or 708-13.

**708-21. Gunpowder Magazines and Vendor's License Fees.** All vendors of gun-powder shall pay a license fee of $200 per year. All keepers or owners of gunpowder magazines shall pay a license fee of $800 per year.

**708-29. Confiscation of Firearms.** When any police officer shall discover any person in the act of violating any provision of Section 708-27 or 708-33, it shall be his duty to seize the firearms or cannon so unlawfully used, and to cause the arrest of such person. Upon conviction of the person so arrested, the chief of police shall or-der the firearms or cannon so seized destroyed.

**708-31. Ammunition, Sale to Minor.** No person shall sell to a minor any cap or other explosive device used in the discharge of toy pistols and torpedo canes, or any blank cartridge, whether for use in handguns, revolvers or cannons.

**708-33. Waiting Period for Transfer of Firearms.** Any person desiring to purchase, rent, lease or transfer ownership of a firearm from another person shall make application on forms as provided for in Section 708-13, to be distributed by the chief of police, which shall be signed by the applicant and a copy forwarded by certified mail to the chief of police by the transferor.

The chief of police shall cause a postal card to be mailed to the transferor on the same day the application is received in his office stating the time and date the application was received.

Unless the chief of police to whom the application is sent determines that a transaction would violate federal, state, or municipal code, the application shall be destroyed within 60 days after the date the application was received by the police division.

No person shall knowingly sell, deliver, rent, lease or transfer ownership and/or possession of a firearm to any person who is not otherwise prohibited by law from acquiring or possessing a firearm, until 15 consecutive days have elapsed from the time the application is received by the chief of police.

This section does not apply to the sale, delivery or transfer of a firearm, in accordance with applicable law or rule, to any law enforcement officer or to any officer, agent, or employee of this or any other state or the United States if the acquisition or possession of a firearm is within the scope of his official duties.

Whoever violates any part of this section is guilty of a misdemeanor of the first degree.

**708-35. Retail Sales of Firearms, Location Restrictions.**

(a) No person shall sell firearms, guns, ammunition, hunting knives or other dangerous weapons at any retail establishment within 1,000 feet of the boundary of a parcel of real estate upon which a school is located.

As used herein the word "school" means an accredited public or private educational institution for one or more of the grades kindergarten through the twelfth grade.

(b) The Safety Director may issue a permit for the sale of sporting firearms and ammunition therefor by an otherwise eligible permanent retail establishment contrary to (a), above. Permits will be good for a seventy-two (72) hour period and no more than one permit per month will be issued to any particular retail establishment. Such a permit may be issued only upon a determination by the Safety Director that all of the following requirements have been met:

(1) the sporting firearms displayed and offered for sale pursuant to this section shall be strictly limited to shotguns and rifles primarily suitable for hunting or target shooting purposes;

(2) sale of ammunition shall be strictly limited to that ammunition suitable only for those sporting firearms authorized for display or sale pursuant to (b)(1) above;

(3) no more than 20 sporting firearms may be kept, displayed or offered for sale on the premises at any one time nor shall any such firearms be actually sold at a price of less than two thousand dollars ($2,000.00) each;

(4) such sporting firearms shall not be exposed to public view from outside the permit premises and must be kept in a separately secured area on the premises continuously monitored by a security system approved by the Safety Director; and

(5) ammunition shall be secured on the premises separately from any firearms.

Compliance with the foregoing requirements shall be monitored by the Safety Director through periodic, on-site inspections. Said permit shall be revoked for noncompliance.

**708-37. Possession or Sale of Semiautomatic Firearms Prohibited.**

(a) No person shall sell, deliver, rent, lease, offer, or display for sale, or transfer ownership of, acquire or possess a semiautomatic firearm.

(b) No person shall sell, deliver, rent, lease, offer or display for sale, or transfer ownership of, acquire or possess any detachable magazine with the following capacities:

(1) More than ten rifle or carbine rounds;

(2) More than five shotgun rounds;

(3) More than 15 handgun rounds.

This section does not apply to any detachable magazine purchased or acquired for use with semiautomatic firearms registered pursuant to division (e)(3) of this section.

(c) No person shall sell, deliver, rent, lease, offer or display for sale, or transfer ownership of, acquire or possess any extension tube, drum, cylinder, or magazine capable of increasing the capacity of a fixed or detachable magazine.

(d) This section does not apply to law enforcement officers, agents, or employees of this or any other state or the United States, members of the Armed Forces of the United States or the organized militia of this or any other state, if the acquisition or possession of a semiautomatic firearm is authorized and within the scope of his official duties.

(e) Any person who is legally in possession of a semiautomatic firearm that was legally purchased or acquired before April 1, 1989, shall within 30 days from the effective date hereof:

(1) Remove said semiautomatic firearm from within the city limits of Cincinnati; or

(2) Modify said semiautomatic firearm to either render it permanently inoperable or to permanently make it a device no longer defined as a semiautomatic firearm; or

(3) Register the firearm with the chief of police pursuant to such procedures as the city manager may establish. The registration shall contain a description of the firearm including all identification marks, the full name, address, date of birth and such other information as the city manager may deem appropriate. The information will be provided on forms prescribed by the city manager. Any change of address of the owner must be registered with the chief of police within 14 days of the change.

The city manager may establish a fee for registration not to exceed the actual processing costs of the city.

(f) No semiautomatic firearm possessed pursuant to division (e)(3) above may be sold or transferred after the effective date of this section to anyone within the city of Cincinnati.

(g) Any person who obtains title to a semi-automatic firearm by bequest or intestate succession must within 90 days comply with the requirements of division (e) of this section.

(h) The term "semiautomatic" means any firearm designed or specially adapted to fire a single cartridge and automatically chamber a succeeding cartridge and ready to fire, with a single function of the trigger.

(i) For the purpose of this section, "semiautomatic firearm" shall have the following meanings:

(1) Any semiautomatic rifle or carbine that was originally designed with or has a fixed magazine or detachable magazine with a capacity of more than ten rounds;

(2) Any semiautomatic shotgun that was originally designed with or has a fixed magazine or detachable magazine with a capacity of more than five rounds;

(3) Any semiautomatic handgun that was originally designed with or has a fixed magazine or detachable magazine with a capacity of more than 15 rounds;

Page 378

(4) Any semiautomatic handgun that is a modification of a rifle, carbine, or shotgun as described in (1) and (2) above;

(5) Any firearm which may be readily restored to an operable semiautomatic firearm, as defined in (1) through (4) above;

(6) Any part, or combination of parts, designed or intended to convert a weapon into a semiautomatic firearm, as defined in (1) through (4) above or any combination of parts from which a semiautomatic firearm may be readily assembled.

(j) Rifles or carbines which fire .22 caliber rimfire ammunition and have fixed, tubular magazines are exempt from this section.

Any person who violates any provision of this section guilty of a misdemeanor of the first degree.

**708-39. Dangerous Weapons on School Property.**
(a) No person shall knowingly possess, carry or use a deadly or dangerous weapon, dangerous ordnance or ammunition in a school building, on any school property or other facility used for school purposes or a school-sponsored activity.

(b) This section does not apply to officers, agents, or employees of this or any other state or the United States, or to law enforcement officers, authorized to carry firearms and acting within the scope of their duties.

(c) Whoever violates this section is guilty of having a weapon while on school property, a misdemeanor of the first degree.

(d) As used herein the word "school" shall mean an accredited public or private educational institution for one or more of the grades kindergarten through the twelfth grade.

**708-99. Penalties.** Violations of the provisions of this chapter shall be punishable as set forth in the sections hereunder and other applicable penalty sections of this code.

**708-99-A. Violation of Section 708-3, 708-5, 708-7, 708-9, 708-11, 708-15, 708-17, 708-19, 708-27, 708-33, or 708-35.** Whoever violates any provision of Section 708-3, 708-5, 708-7, 708-9, 708-11, 708-15, 708-17, 708-19, 708-27, 708-33, or 708-35 shall be fined not more than $1,000, or imprisoned not more than six months, or both.

**708-99-B. Violation of Section 708-31.** Whoever violates any provision of Section 708-31 shall be fined not more than $250, or imprisoned not more than 30 days, or both.

[Cincinnati Municipal Code current through Ordinance No. 463-2010 (Emerg.), effective Dec. 30, 2010]

---

**Codified Ordinances of Cleveland**

---

**Part Six. Offenses and Business Activities Code**

**Title I. General Offenses**
**Chapter 627. Weapons and Explosives**

**627.01. Definitions.** As used in this chapter:
(a) "Deadly weapon" means any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried or used as a weapon.

(b)(1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant or by pump action or by compressed gas. "Firearm" includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable.

(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm.

(c) "Handgun" means any firearm designed to be fired while being held in one hand.

(d) "Semi-automatic firearm'" means any firearm designed or specially adapted to fire a single cartridge and automatically chamber a succeeding cartridge ready to fire, with a single function of the trigger.

(e) "Automatic firearm" means any firearm designed or specially adapted to fire a succession of cartridges with a single function of the trigger. "Automatic firearm" also means any semi-automatic firearm designed or specially adapted to fire more than thirty-one cartridges without reloading, other than a firearm chambering only .22 caliber short, long or long-rifle cartridges.

(f) "Sawed-off firearm" means a shotgun with a barrel less than eighteen inches long, or a rifle with a barrel less than sixteen inches long, or a shotgun or rifle less than twenty-six inches long overall.

(g) "Zip-gun" means any of the following:
(1) Any firearm of crude and extemporized manufacture;
(2) Any device, including without limitation a starter's pistol, not designed as a firearm, but which is specially adapted for use as a firearm;
(3) Any industrial tool, signaling device or safety device, not designed as a firearm, but which as designed is capable of use as such, when possessed, carried or used as a firearm.

(h) "Explosive device" means any device designed or specially adapted to cause physical harm to persons or property by means of an explosion, and consisting of an explosive substance or agency and a means to detonate it. "Explosive device" includes without limitation any bomb, any explosive demolition device, any blasting cap or detonator containing an explosive charge, and any pressure vessel which has been knowingly tampered with or arranged so as to explode.

(i) "Incendiary device" means any firebomb, and any device designed or specially adapted to cause physical harm to persons or property by means of fire, and consisting of an incendiary substance or agency and a means to ignite it.

(j) "Ballistic knife" means a knife with a detachable blade that is propelled by a spring-operated mechanism.

(k) "Dangerous ordnance" means any of the following, except as provided in division (l) of this section:
(1) Any automatic or sawed-off firearm, zip-gun or ballistic knife;
(2) Any explosive device or incendiary device;
(3) Nitroglycerin, nitrocellulose, nitrostarch, PETN, cyclonite, TNT, picric acid and other high explosives; amatol, tritonal, tetrytol, pentolite, pecretol, cyclotol, and other high explosive compositions; plastic explosives; dynamite, blasting gelatin, gelatin dynamite, sensitized ammonium nitrate, liquid-oxygen blasting explosives, blasting powder and other blasting agents; and any other explosive substance having sufficient brisance or power to be particularly suitable for use as a military explosive, or for use in mining, quarrying, excavating or demolitions;

(4) Any firearm, rocket launcher, mortar, artillery piece, grenade, mine, bomb, torpedo or similar weapon, designed and manufactured for military purposes, and the ammunition for that weapon;
(5) Any firearm muffler or silencer;
(6) Any combination of parts that is intended by the owner for use in converting any firearm or other device into a dangerous ordnance.

(l) "Dangerous ordnance" does not include any of the following:
(1) Any firearm, including a military weapon and the ammunition for that weapon, and regardless of its actual age, which employs a percussion cap or other obsolete ignition system, or which is designed and safe for use only with black powder;

(2) Any pistol, rifle or shotgun, designed or suitable for sporting purposes, including a military weapon as issued or as modified, and the ammunition for that weapon, unless such firearm is an automatic or sawed-off firearm;

(3) Any cannon or other artillery piece which, regardless of its actual age, is of a type in accepted use prior to 1887, has no mechanical, hydraulic, pneumatic or other system for absorbing recoil and returning the tube into battery without displacing the carriage, and is designed and safe for use only with black powder;

(4) Black powder, priming quills and percussion caps possessed and lawfully used to fire a cannon of a type defined in division (l)(3) of this section during displays, celebrations, organized matches or shoots, and target practice, and smokeless and black powder, primers and percussion caps possessed and lawfully used as a propellant or ignition device in small-arms or small-arms ammunition;

(5) Dangerous ordnance which is inoperable or inert and cannot readily be rendered operable or activated, and which is kept as a trophy, souvenir, curio or museum piece.

(6) Any device which is expressly excepted from the definition of a destructive device pursuant to the ``Gun Control Act of 1968,'' 82 Stat. 1213, 18 U.S.C. 921(a)(4), and any amendments or additions thereto or reenactments thereof, and regulations issued thereunder.

**627.03. Using Weapons While Intoxicated.**
(a) No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance.

(b) Notwithstanding the provisions of Sections 601.13 and 601.99(a), whoever violates this section is guilty of using weapons while intoxicated, and shall be fined not less than three hundred dollars ($300.00) nor more than one thousand dollars ($1,000), and imprisoned for not less than three days, nor more than six months. No part of this sentence shall, in any case whatsoever, be suspended or otherwise reduced.

**627.04 Improperly Handling Firearms in a Motor Vehicle.**
(a) No person shall knowingly discharge a firearm while in or on a motor vehicle.

(b) No person shall knowingly transport or have a loaded firearm in a motor vehicle, in such manner that the firearm is accessible to the operator or any passenger without leaving the vehicle.

(c) No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded, and is carried in one of the following ways:
(1) In a closed package, box or case;
(2) In a compartment which can be reached only by leaving the vehicle;