No. 14-16840

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

KAMALA D. HARRIS,
in her official capacity as the Attorney General of California,
*Defendant-Appellant,*

vs.

JEFF SILVESTER, et. al.,
*Plaintiffs-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
Case No.: 1:11-CV-02137-AWI-SKO
(Hon. Anthony W. Ishii, Presiding)

**MOTION TO EXPEDITE ORAL ARGUMENT**
**[28 U.S.C. § 1657, Circuit Rule 34-3]**

| | | |
|---|---|---|
| BRADLEY A. BENBROOK | DONALD KILMER | VICTOR J. OTTEN |
| STEPHEN M. DUVERNAY | LAW OFFICES OF DONALD | OTTEN LAW, PC |
| BENBROOK LAW GROUP, PC | KILMER, APC | 3620 PACIFIC COAST HWY, |
| 400 CAPITOL MALL, #1610 | 1645 WILLOW ST., #150 | STE. 100 |
| SACRAMENTO, CA 95814 | SAN JOSE, CA 95125 | TORRANCE, CA 90505 |
| TEL: (916) 447-4900 | TEL: (408) 264-8489 | TEL: (310) 378-8533 |
| FAX: (916) 447-4904 | FAX: (408) 264-8487 | FAX: (310) 347-4225 |
| brad@benbrooklawgroup.com | don@dklawoffice.com | vic@ottenlawpc.com |

# MOTION TO EXPEDITE ORAL ARGUMENT

## Introduction

"It is not to be imagined that the King will be guilty of vexatious delays." – Sir Dudley Ryder, English Jurist, Lord Chief Justice in *Rex v. Berkley and another* (1754), Sayer's Rep. 124.

Unfortunately in this case the sovereign (The Attorney General's Office of the State of California) has declined an invitation to stipulate to a joint motion to advance oral argument.[1] Their answer would probably be: "Why should we?"

After losing a motion for stay in the trial court, the Attorney General prevailed upon this Court to grant the government a stay of enforcement of a trial court's order that had found the sovereign's policies unconstitutional and giving them 180 days to remedy the violation.

Now that all the briefs are filed (after good faith extensions were had by both sides) and amicus have had ample opportunity to file briefs, any further delay would be vexatious when constitutional rights are at issue.

---

[1] Counsel hereby represents that Appellants were asked to stipulate to advance oral argument in a series of emails between September 18 - 24, 2015.

-1-

## Facts / Motion

Defendant-Appellants filed an: Urgent Motion to Stay Enforcement of Judgment. [DktEntry 15] That motion for stay was opposed by the Plaintiff-Appellees. [DktEntry 17]

That opposition was based on the trial court's finding that fundamental constitutional rights were being violated by California's policies and that immediate enforcement of the remedy ordered by the trial court was important to insure the integrity of those rights. [See District Court Findings of Fact and Conclusions of Law: ER 1-56 and District Court Order on Defendant's Motion to Stay and Motion to Alter Judgment: ER: 57-66]

The motions panel granted Harris's application for a stay in an order filed January 12, 2015. [DktEntry 20] Over Plaintiff-Appellees' objection [DktEntry 23], Defendant-Appellants were granted an extension of time to file their opening brief. [DktEntry 22]

Because the stay and initial time extensions were granted over Appellees' objections, it would have been a futile act for Plaintiff-Appellees to file a motion to expedite the entire appellate process under Circuit Rule 34-3. Furthermore, and because the Appellants filed an

opening brief and voluminous Excerpt of Record [DktEntry 24 (17.11 MB)] and an equally large Request for Judicial Notice [DktEntry 25 (14.29 MB)], Appellees were compelled to file their own request for an extension of time to file their Answering Brief and Opposition to Request for Judicial Notice, which were timely filed on May 26, 2015. [DktEntry 42 and 43]

Amicus briefs have been filed in support of both sides and Appellants timely filed their reply brief (after another extension) on June 30, 2015. [DktEntry 60]

Authority to expedite Oral Argument, even if the case itself is not expedited, can be found at 28 U.S.C. § 1657 and Circuit Rule 34-3.[2] [See also General Order 3.3(c)] Good cause exists to expedite oral argument in this matter because:

1. The current stay prevents enforcement of the trial court's injunction which is prejudicial to Plaintiff-Appellees.

2. The current stay prevents enforcement of the trial court's injunction so there is no prejudice to the Defendant-Appellants.

---

[2] This motion is premised on the assumption that this case has not already been selected for "fast track" under the Court's internal policies and procedures. If the case is already on that path, then the motion is moot and hereby withdrawn.

3. The trial court's judgment awarded injunctive relief to protect the constitutional rights of the prevailing plaintiffs. Further delay in this case results in the ongoing enforcement of an unconstitutional law against Plaintiffs-Appellees, as well as all other persons similarly situated throughout the State. This meets the statutory requirements of 28 U.S.C. § 1657 and Circuit Rule 34-3.

4. All principal briefs and amicus briefs have been filed.

## **Request / Conclusion**

If the case has not already been selected for fast track under 28 U.S.C. § 1657 by the Court's internal policies and practices, Appellees hereby request an order from this Court to expedite panel selection and setting of the case for oral argument.

**Respectfully Submitted, on October 1, 2015.**

     /s/ Donald Kilmer

Attorney for Plaintiff-Appellees
Law Offices of Donald Kilmer
1645 Willow Street, Suite 150
San Jose, California 95125
don@dklawoffice.com
(408) 264-8489

CERTIFICATE OF SERVICE

On October 1, 2015, I served the foregoing **MOTION TO EXPEDITE ORAL ARGUMENT [28 U.S.C. § 1657, Circuit Rule 34-3]** by electronically filing it with the Court's ECF/CM system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct. Executed October 1, 2015 in San Jose, California.

/s/ Donald Kilmer

Attorney for Appellees