KAMALA D. HARRIS  
*Attorney General*

State of California  
**DEPARTMENT OF JUSTICE**



300 SOUTH SPRING STREET, SUITE 1702  
LOS ANGELES, CA 90013

Public: (213) 897-2000  
Telephone: (213) 897-6505  
Facsimile: (213) 897-5775  
E-Mail: Jonathan.Eisenberg@doj.ca.gov

June 10, 2016

*Via CM/ECF*

Molly Dwyer  
Clerk of the Court  
U.S. Court of Appeals, Ninth Circuit  
95 Seventh St.  
San Francisco, California 94103-1526

Re: *Silvester v. Harris*, Case No. 14-16840  
     Before Judges Sidney R. Thomas, Mary M. Schroeder, and Jacqueline H. Nguyen  
     Argued and submitted February 9, 2016

Dear Ms. Dwyer:

Appellant hereby responds to the three points made in Appellees' May 26, 2016, letter concerning this Court's recent decision in *Teixeira v. Cnty. of Alameda*, Case No. 13-17132. Fed. R. App. P. 28(j).

1.) Appellant has not contended that there is no right to purchase and to sell firearms. In any event, *Silvester* concerns a different, alleged right: the right of a so-called subsequent purchaser to acquire firearms immediately after passing an initial background check, instead of waiting 10 days per the waiting-period laws. (Appellee's Answering Br. at 1, 18-19, 44, 49-50.) *Teixeira* does not recognize such a right.

2.) Appellant has not contended that every regulation of the commercial sale of firearms is presumptively lawful. *Teixeira*'s holding to the effect that a "total prohibition on the commercial sale of firearms" would not be presumptively lawful (slip op. at 20-21) is inapplicable as to the waiting-period laws, which impose not bans but modest transaction delays amounting to acceptable conditions and qualifications on the commercial sale of firearms. (Appellant's Reply Br. ("RB") at 5-6.)

3.) *Teixeira* does not, as Appellees contend, require courts to "look to laws in existence at the time of the adoption of the Second Amendment [1791] or the Fourteenth Amendment [1868]," when deciding whether a challenged firearm regulation is "longstanding" and thus presumptively constitutional. Early twentieth century regulations could be considered longstanding if their historical prevalence and significance is properly developed in the record. *Fyock v. Sunnyvale*, 779 F.3d 991, 997 (9th Cir. 2015); *Teixeira*, slip op. at 22-23. There was no

such development of the record in *Teixeira* (*ibid.*), but Appellant did make such a showing. (Appellant's Opening Br. ("OB") at 28-32, 35-38; RB at 3-5.)

Additionally, *Teixeira* reiterates that a firearm law survives intermediate scrutiny if credible evidence indicates that the law reasonably fits with an important governmental objective. Slip op. at 27-28, 30-32 (citations omitted); accord RB at 10-12. Appellant supplied such evidence in abundance, thereby justifying the waiting-period laws. (OB at 13-14, 46-49; RB 13-18.)

        Sincerely,

        */s/ Jonathan M. Eisenberg*

        JONATHAN M. EISENBERG
        Deputy Attorney General

For    KAMALA D. HARRIS
        Attorney General

JME:je